IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRADLEY ALVERSON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>BL RESTAURANT OPERATIONS LLC D/B/A BAR LOUIE,<br><br>Defendant. | CIVIL ACTION NO.  5:16-cv-00849<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY OF SUIT**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2. The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 US.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id*. An employer must advise an employee *in advance of its use of the tip credit* pursuant to the provisions of section 3(m) of the FLSA. That is, the employer must inform the employee (1) the amount of the cash wage that is to be paid to the tipped employee (2) the amount by which the wages of the tipped employee are increased on account of the tip

y

credit (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and (4) that the tip credit shall not apply to any employee who does not receive the notice.  Furthermore, it is illegal for employers to require waiters to share tips with ineligible employees such as kitchen staff, management and the employer itself.  The Fifth Circuit Court of Appeals affirmed a jury verdict and judgment in favor of wait staff when Chili's Restaurant required the staff to share tips with ineligible employees. *See Roussell* v. *Brinker Inti. Inc.* 2011 WL 4067171 (5th Cir. Sept. 14, 2011).

3. Defendant violated the FLSA by:

(a) requiring that its bartenders participate in a tip pool that requires a percentage of tips be shared with salaried bar managers who are not eligible to receive tips, and

(b) by deducting more than the actual credit card fees associated with liquidated credit card tips.  *See Steele* v. *Leasing Enterprises, Limited*, 2016 WL 3268996 (5th Cir. June 14, 2016).

4. Defendant's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m) violates the FLSA's minimum wage provision. *See 29* U.S.C. §§ 203, 206.  As a result, Defendant loses its right to rely on the tip credit and must compensate Plaintiff at the full minimum wage rate.  Additionally, Plaintiff is entitled to tips Defendant misappropriated.

5. Plaintiff brings a collective action to recover the unpaid wages and misappropriated tips owed to him and all other similarly situated employees, current and former pursuant to 29 U.S.C. § 216(b).  Members of the Collective Action are hereinafter referred to as "Class Members."

6. Plaintiff also prays that the class of similarly situated bartenders be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES & PERSONAL JURISDICTION

9. Plaintiff Bradley Alverson is an individual residing in Bexar County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit 1."

10. The Class Members are current and former bartenders employed by Defendant at any time three years prior to the filing of this lawsuit to the present.

11. Defendant BL Restaurant Operations LLC d/b/a Bar Louie is a foreign for-profit limited liability company, which does business in Texas. Defendant may be served process through its registered agent as follows: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

12. Defendant at all times relevant to this action has had sufficient minimum contacts with the State of Texas to confer personal jurisdiction upon it by this Court. Defendant conducts business throughout Texas. Furthermore, Defendant contracted with and employed Texas residents, like Plaintiff and Class Members, to conduct its business in Texas.

## FLSA COVERAGE

13. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

14.   At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15.   Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

16.   At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

17.   Defendant operates a nationwide chain of upscale bar/restaurants called Bar Louie.

18.   Defendant employs bartenders to provide services to its restaurant patrons.

19.   Plaintiff is currently employed as a bartender at Defendant's San Antonio, Texas Bar Louie restaurant. Plaintiff was hired on or about March of 2013. Plaintiff works 35 to 40 hours per week.

20.   Defendant pays its bartenders at an hourly rate below minimum wage ($2.13 per hour) plus tips. By paying Plaintiff and Class Members less than the minimum wage per hour, Defendant is taking advantage of a tip credit which allows Defendant to include in its calculation of wages a portion of the amounts Plaintiff receives as tips.

21.   Defendant violated the FLSA when it required Plaintiff and Class Members to share tips with its salaried bar managers in violation of the FLSA's tip pool requirements. In addition, by deducting more than the actual credit card fees associated with liquidated credit card tips, Defendant has violated the FLSA.

22.   Because Defendant violated the FLSA's tipped employee requirements, Defendant loses the right to take a credit toward its minimum wage obligations.

23. As such, the Plaintiff and other bartenders were not compensated at the federally mandated minimum wage. Plaintiff's and Class Members' tips have also been misappropriated by Defendant as a result of its wage violations.

24. Defendant knows or should have known that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out its illegal pattern and practice regarding its tipped employees. Defendant's method of paying Plaintiff in violation of the FLSA was not based on a good faith and reasonable belief that its conduct complied with the FLSA. This is not Defendant's first FLSA lawsuit. It has been sued in other states for similar wage violations. However, it continues similar illegal pay practices today. Plaintiff and Class Members are entitled to a three-year statute of limitations.

## FLSA MINIMUM WAGE VIOLATION

25. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

26. Defendant's practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

27. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendant or the Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff has actual knowledge that Class Members have also been denied pay at the federally mandated minimum wage rate. Specifically, Plaintiff worked with other bartenders at Defendant's restaurant. These employees have reported that they were subject to the same

illegal pay practice described above.  Such other employees have also expressed an interest in joining this lawsuit.

29. Defendant takes a tip credit against its minimum wage obligations for the Plaintiff and all of its bartenders.  Defendant also requires Plaintiff and all of its bartenders to share tips with its salaried bar managers.  This pay practice applies nationwide to all of its restaurant locations.

30. The Class Members perform or have performed the same or similar work as the Plaintiff.

31. Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

32. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of minimum wage.

33. Defendant's failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

34. The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the Class Members.

35. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

36. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

37. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

38. Due to the inherent nature of Defendant's tip credit and tip pool policies, all of Defendant's employees subject to a tip credit are similarly situated with respect to the violation.

39. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**Current and former bartenders employed by Defendant nationwide at any time three years prior to the filing of this lawsuit to the present.**

## DAMAGES SOUGHT

40. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

41. Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

42. Plaintiff and Class Members are entitled to their misappropriated tips.

43. Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

44. Plaintiff and Class Members hereby demand trial by jury.

## PRAYER

45. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

    a) All unpaid wages at the FLSA mandated minimum wage rate;

    b) An equal amount as liquidated damages as allowed under the FLSA;

    c) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

    d) All misappropriated tips; and

    e) Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Mark G. Lazarz*
Mark G. Lazarz
Texas Bar No. 12069100
mlazarz@eeoc.net
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFF AND
CLASS MEMBERS