IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRADLEY ALVERSON and CASEY HOWIE, Individually and On Behalf of All Others Similarly Situated, | |
| **Plaintiffs,** | CIVIL ACTION NO.  5:16-cv-00849 |
| V. | JURY TRIAL DEMANDED |
| BL RESTAURANT OPERATIONS LLC D/B/A BAR LOUIE, | |
| **Defendant.** | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**SUMMARY OF SUIT**

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ...." 29 U.S.C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2.  The FLSA allows employers to pay less than the minimum wage and overtime pay at one and one half the full minimum wage to employees who receive tips. 29 US.C. § 203(m).  In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips.  *Id*.  An employer must advise an employee *in advance of its use of the tip credit* pursuant to the provisions of section 3(m) of the FLSA.  That is, the employer must inform the employee (1) the amount of the cash wage

that is to be paid to the tipped employee (2) the amount by which the wages of the tipped employee are increased on account of the tip credit (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and (4) that the tip credit shall not apply to any employee who does not receive the notice.  Furthermore, it is illegal for employers to require waiters to share tips with ineligible employees such as kitchen staff, management and the employer itself.  The Fifth Circuit Court of Appeals affirmed a jury verdict and judgment in favor of wait staff when Chili's Restaurant required the staff to share tips with ineligible employees. *See Roussell* v. *Brinker Inti. Inc.* 2011 WL 4067171 (5th Cir. Sept. 14, 2011).

    3.  Defendant violated the FLSA by:

(a)      requiring that its bartenders participate in a tip pool that requires a percentage of tips be shared with salaried bar managers who are not eligible to receive tips;

(b)      by deducting more than the actual credit card fees associated with liquidated credit card tips.  *See Steele* v. *Leasing Enterprises, Limited*, 2016 WL 3268996 (5th Cir. June 14, 2016);

(c)      failing to provide adequate notice of their payment of a reduced minimum wage to servers, bartenders and other tipped employees (collectively "tipped employees");

(d)      requiring tipped employees to spend more than 20% of their time at work engaged in non-tipped side work related to the tipped profession; and

(e)      requiring tipped employees to perform non-tipped side work unrelated to the tipped profession.

    4.  Defendant's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m) violates the FLSA's minimum wage provision. *See 29* U.S.C. §§ 203, 206.  As a result, Defendant loses its right to rely on the tip credit and must compensate Plaintiffs at the full minimum wage rate. Additionally, Plaintiffs are entitled to tips Defendant misappropriated.

5.   Plaintiffs bring a nationwide collective action to recover the unpaid wages owed to them and all other similarly situated employees, current and former pursuant to 29 U.S.C. § 216(b). Members of the Collective Action are hereinafter referred to as "Class Members."

6.   Plaintiffs also pray that the class of similarly situated tipped employees nationwide be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

7.   Plaintiff Casey Howie also brings this action on behalf of herself and similarly situated current and former tipped employees in Pennsylvania pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, and the supporting Pennsylvania Department of Labor and Industry regulations.

## SUBJECT MATTER JURISDICTION AND VENUE

8.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9.   Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES & PERSONAL JURISDICTION

10.  Plaintiff Bradley Alverson is an individual residing in Bexar County, Texas.  Alverson's written consent to this action was attached to the original Complaint as "Exhibit 1."

11.  Plaintiff Casey Howie is an individual residing in Pittsburgh, Pennsylvania. Howie's written consent to this action is attached to this Amended Complaint as "Exhibit 5."

12.  The Class Members are current and former tipped employees employed by Defendant from August 26, 2013 through the present.

13. Defendant BL Restaurant Operations LLC d/b/a Bar Louie is a foreign for-profit limited liability company, which does business in Texas. Defendant previously filed an Answer in response to Plaintiffs' Original Complaint and is represented by legal counsel.

14. Defendant at all times relevant to this action has had sufficient minimum contacts with the State of Texas to confer personal jurisdiction upon it by this Court. Defendant conducts business throughout Texas. Furthermore, Defendant contracted with and employed Texas residents, like Plaintiffs and Class Members, to conduct its business in Texas.

## FLSA COVERAGE

15. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

18. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

19. Defendant operates a nationwide chain of upscale bar/restaurants called Bar Louie.

20. Defendant employs tipped employees to provide services to its restaurant patrons.

21. Plaintiff Alverson is currently employed as a bartender at Defendant's San Antonio, Texas Bar Louie restaurant. Plaintiff Alverson was hired on or about March of 2013. Plaintiff Alverson works approximately 35 to 40 hours per week.

22.  Plaintiff Howie was employed as a server and bartender at Defendant's Pittsburgh, Pennsylvania Bar Louie restaurant.  Plaintiff was employed from on or about May 2012 through March 2015.  Plaintiff worked approximately 35 to 45 hours per week.

23.  Defendant pays its tipped employees at an hourly rate below minimum wage ($2.13 per hour) plus tips.  By paying Plaintiffs and Class Members less than the minimum wage per hour, Defendant is taking advantage of a tip credit which allows Defendant to include in its calculation of wages a portion of the amounts Plaintiffs receive as tips.

24.  Defendant did not satisfy the strict requirements under the FLSA that would allow them to pay a tip credit.

25.  Defendant maintained a policy and practice whereby they failed to provide tipped employees with the statutorily required notice that Defendant intended to pay tipped employees the tipped minimum wage rate.

26.  Defendant maintained a policy and practice whereby tipped employees were required to perform non-tip producing side work *unrelated* to the employees' tipped occupation.  As a result, tipped employees are engaged in a dual occupation while being compensated at the tip credit rate.

27.  Defendant also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time, more than 20 percent, performing non-tip producing side work *related* to the employees' tipped occupation.

28.  Specifically, Defendant maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to, general cleaning of the restaurant, preparing food in bulk for customers, cutting produce, refilling condiments, and stocking and replenishing the bar and service areas.

29. Defendants required tipped employees to perform non-tipped side work at the start and end of every shift.  This included times before the restaurant opened and after the restaurant closed and customers had left.

30.   As a result, tipped employees spent in excess of two hours and more than twenty percent of their work time engaged in side work duties.

31.  Tipped employees also were engaged in "dual job" tasks.

32.  Defendant paid tipped employees for this work at or below the reduced tip credit minimum wage rate.

33. The duties that Defendant required tipped employees to perform are duties that are customarily assigned to "back-of-the-house" employees in other restaurants, who typically receive at least the full minimum wage rate.

34. The side work and dual job tasks that Defendant required tipped employees to perform included, but was not limited to: (1) sweeping; (2) cleaning  bathrooms; (3) washing dishes; (4) cleaning out coolers; (5) polishing; (6) mopping; (7) cleaning bar mats; (8) stocking liquor and wine; (9) stocking plates and glasses; (10) cutting fruit; (11) making simple syrup; and (12) cleaning / dusting shelves.

35.  The side work and dual job duties described above are not specific to particular customers, tables, or sections, but are performed in mass quantities for the entire shift or for future shifts.

36.  Defendant's timekeeping system was capable of tracking multiple job codes for different work assignments.

37.  Defendant violated the FLSA when it required Plaintiffs and Class Members to share tips with its salaried bar managers in violation of the FLSA's tip pool requirements.

38. Defendant further violated the FLSA by deducting more than the actual credit card fees associated with liquidated credit card tips.

39. Because Defendant violated the FLSA's tipped employee requirements, Defendant loses the right to take a credit toward its minimum wage obligations.

40. As such, the Plaintiffs and other tipped employees were not compensated at the federally mandated minimum wage and overtime pay at time and one half the full minimum wage. Plaintiffs' and Class Members' tips have also been misappropriated by Defendant as a result of its wage violations.

41. Defendant knows or should have known that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA.  Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out its illegal pattern and practice regarding its tipped employees. Defendant's method of paying Plaintiffs and Class Members in violation of the FLSA was not based on a good faith and reasonable belief that its conduct complied with the FLSA.  This is not Defendant's first FLSA lawsuit.  It has been sued in other states for similar wage violations.  However, it continues similar illegal pay practices today.  Plaintiffs and Class Members are entitled to a three-year statute of limitations.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs have actual knowledge that Class Members have also been denied pay at the federally mandated minimum wage rate. Specifically, Plaintiffs worked with other tipped employees at Defendant's restaurants nationwide.  These employees have reported that they were subject to the same illegal pay practice described above.  Such other employees have also expressed an interest in joining this lawsuit.

43.  Defendant takes a tip credit against its minimum wage obligations for the Plaintiffs and all of its tipped employees. This pay practice applies nationwide to all of its restaurant locations.

44.  The Class Members perform or have performed the same or similar work as the Plaintiffs.

45.  Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

46.  As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of minimum wage.

47.  Defendant's failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

48.  The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

49.  The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

50.  All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

51.  Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

52.  Due to the inherent nature of Defendant's tip credit, side work and tip pool policies, all of Defendant's employees subject to a tip credit are similarly situated with respect to the violation.

53.  As such, the class of similarly situated Plaintiffs is properly defined as follows:

**Current and former tipped employees employed by Defendant nationwide from August 26, 2013 to the present.**

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

54. Plaintiff Howie brings the Third and Fourth Causes of Action, Pennsylvania Wage Law claims under Rule 23, on behalf of herself and all similarly situated current and former tipped employees employed at Bar Louie restaurants in Pennsylvania owned and/or operated by Defendant three years prior to the filing of this Amended Complaint in this action, and the date of final judgment in this matter ("PA Rule 23 Class").

55. Excluded from the PA Rule 23 Class Members are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the PA Rule 23 Class.

56. The members of the PA Rule 23 Class ("PA Rule 23 Class Members") are readily ascertainable. The number and identity of the PA Rule 23 Class Members are determinable from the Defendant's records. The hours assigned and worked, the positions held, and the rates of pay for each PA Rule 23 Class Member are also determinable from Defendant's records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23.

57. The PA Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

58. There are more than 100 PA Rule 23 Class Members.

59. Plaintiff Howie's claims are typical of those claims which could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

60. All the PA Rule 23 Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wages and overtime pay.

61. Plaintiff Howie and the PA Rule 23 Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the Pennsylvania wage laws.

62. Plaintiff Howie and the PA Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected all PA Rule 23 Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the PA Rule 23 Class Members.

63. Plaintiff Howie and other PA Rule 23 Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

64. Plaintiff Howie is able to fairly and adequately protect the interests of the PA Rule 23 Class Members and has no interests antagonistic to the PA Rule 23 Class Members.

65. Plaintiff Howie is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

66. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual PA Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual PA Rule 23 Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual PA Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual PA Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the PA Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

67.  Upon information and belief, Defendant and other employers throughout the state violate Pennsylvania wage laws.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

68.  This action is properly maintainable as a class action under Federal Rule of Civil Procedure

23(b)(3).

69.  Common questions of law and fact exist as to the PA Rule 23 Class that predominate over any questions only affecting Plaintiff and the PA Rule 23 Class Members individually and include, but are not limited to, the following:

(a)     whether Defendant violated the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq., the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq.;

(b)     whether Defendant employed Plaintiff Howie and the PA Rule 23 Class Members;

(c)     whether Defendant paid Plaintiff Howie and the PA Rule 23 Class Members at the proper minimum wage for all hours worked;

(d)     whether Defendant had a policy or practice of failing to provide adequate notice of their payment of a reduced minimum wage to Plaintiff Howie and the PA Rule 23 Class Members;

(e)     what notice is required in order for Defendant to take a tip credit;

(f)     at what common rate, or rates subject to common methods of calculation, Defendant was required to pay Plaintiff Howie and the PA Rule 23 Class Members for their work;

(g)     whether Defendant properly compensated Plaintiff Howie and the PA Rule 23 Class Members for hours worked in excess of 40 hours per workweek;

(h)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Howie and the PA Rule 23 Class Members, and other records;

(i)     whether Defendant took illegal deductions; and

(j)     the nature and extent of class-wide injury and the measure of damages for those injuries.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Class)

70.  Plaintiffs, on behalf of themselves and the FLSA Class Members, allege and incorporate by reference all allegations in all preceding paragraphs.

71.  Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Amended Class Action Complaint.

72.  At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed "employee[s]," including Plaintiffs and the FLSA Class Members.

73.  Defendant was required to pay directly to Plaintiffs and the FLSA Class Members the applicable state minimum wage rates for all hours worked.

74.  Defendant failed to pay Plaintiffs and the FLSA Class Members the minimum wages to which they are entitled under the FLSA.

75.  Defendant was not eligible to avail itself of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201, *et seq.*, because Defendant failed to inform Plaintiffs and FLSA Class Members of the provisions of subsection 203(m) of the FLSA, and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

76.  Defendant also required Plaintiffs and the FLSA Class Members to perform a substantial amount of dual job duties and side work in excess of twenty percent of their work time.  During these periods, Defendant compensated Plaintiffs and the FLSA Class Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201, *et seq.*

77.  Defendant also regularly required Plaintiffs and the FLSA Class Members to perform non-tipped side work *unrelated* to their tipped occupation such as sweeping floors, mopping floors, and washing dishes.  During these periods, Defendant compensated Plaintiffs and the FLSA Class Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201, *et seq.*

78.  Defendant's unlawful conduct, as described in this Amended Class Action Complaint, has been willful and intentional.   Defendant was aware or should have been aware that the practices described in this Amended Class Action Complaint were unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Class Members.

79.  Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq.*

80.  As a result of Defendant's willful violations of the FLSA, Plaintiffs and the FLSA Class Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Class)

81. Plaintiffs, on behalf of themselves and the FLSA Collective Members, allege and incorporate by reference all allegations in all preceding paragraphs.

82. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiffs and the FLSA Collective Members.

83. Plaintiffs and the FLSA Class Members worked in excess of 40 hours during some workweeks in the relevant period.

84. Defendant willfully failed to pay Plaintiffs and the FLSA Class Members one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.  Defendant's unlawful conduct, as described in this Amended Class Action Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Amended Class Action Complaint were unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Members.

85. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq.*

86. As a result of Defendant's violations of the FLSA, Plaintiffs and the FLSA Class Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

## THIRD CAUSE OF ACTION
### Pennsylvania Minimum Wage Act of 1968 – Unpaid Minimum Wages
### (Brought on behalf of Plaintiff Casey Howie and the PA Rule 23 Class)

87. Plaintiff Howie, on behalf of herself and the PA Rule 23 Class Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

88. Defendant has engaged in a widespread pattern, policy, and practice of violating the PMWA, as detailed in this Fourth Amended Class Action Complaint.

89. At all times relevant, Plaintiff Howie and the PA Rule 23 Class Members have been employees of Defendant, and Defendant has been employers of Plaintiff Howie and the PA Rule 23 Class Members within the meaning of the PMWA, 43 Pa. Stat. Ann. § 333.103 *et seq.*, and the supporting Pennsylvania Department of Labor Regulations.

90. At all times relevant, Plaintiff Howie and the PA Rule 23 Class Members have been covered by the PMWA.

91. The minimum wage provisions of 43 P.S. § 333*, et seq.* and the supporting Pennsylvania Department of Labor Regulations apply to Defendant, and protect Plaintiff Howie and the PA Rule 23 Class Members.

92. Defendant failed to pay Plaintiff Howie and the PA Rule 23 Class Members the minimum hourly wages to which they are entitled under the PMWA and the supporting Pennsylvania Department of Labor Regulations.

93. Defendant was not eligible to avail itself of the Pennsylvania tipped minimum wage rate under the PMWA because Defendant failed to include a symbol or letter placed on the pay records identifying each employee whose wage is determined in part by tips, in violation of 34 Pa. Code § 231.34.

94.   Defendant was not eligible to avail itself of the Pennsylvania tipped minimum wage rate under the PMWA because Defendant failed to inform Plaintiff Howie and the PA Rule 23 Class Members of the provisions of 43 Pa. Stat. Ann. § 333.103.

95.   Defendant also required Plaintiff Howie and the PA Rule 23 Class Members to perform a substantial amount of dual job duties and side work.  During these periods, Defendant compensated Plaintiff Howie and the PA Rule 23 Class Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 34 Pa. Code § 231.34.

96.   Defendant was required to pay Plaintiff Howie and the PA Rule 23 Class Members the full minimum wage at a rate of: (a) $7.25 per hour for all hours worked from July 24, 2009 through the present under the 43 Pa. Stat. Ann. § 333 *et seq.* and the supporting Pennsylvania Department of Labor Regulations.

97.   Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff Howie and the PA Rule 23 Class Members, Defendant has willfully violated the PMWA, 43 Pa. Stat. Ann. § 333.103 *et seq.*, and the supporting  Pennsylvania Department of Labor Regulations.

98.   Due to Defendant's willful violations of the PMWA, Plaintiff Howie and PA Rule 23 Class Members are entitled to recover from Defendant their unpaid minimum wages, liquidated damages as provided for by the PMWA, and reasonable attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**
**Pennsylvania Minimum Wage Act of 1968 – Unpaid Overtime Wages**
**(Brought on behalf of Plaintiff Casey Howie and the PA Rule 23 Class)**

99.   Plaintiff Howie, on behalf of herself and the PA Rule 23 Class Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

100. Defendant failed to pay Plaintiff Howie and the PA Rule 23 Class Members the proper overtime wages to which they are entitled under the PMWA and the supporting Pennsylvania Department of Labor Regulations.

101. Defendant failed to pay Plaintiff Howie and the PA Rule 23 Class Members one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

102. Through their knowing or intentional failure to pay Plaintiff Howie and the PA Rule 23 Class Members overtime wages for hours worked in excess of 40 hours per workweek, Defendant has willfully violated the PMWA, 43 Pa. Stat. Ann. § 333.103   *et seq.*, and the supporting Pennsylvania Department of Labor Regulations.

103. Due to Defendant's willful violations of the PMWA, Plaintiff Howie and the PA Rule 23 Class Members are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the PMWA, and reasonable attorneys' fees, and costs.

**DAMAGES SOUGHT**

104. Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage and overtime rate.

105. Plaintiffs and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages.

106. Plaintiffs and Class Members are entitled to their misappropriated tips.

107. Plaintiffs and Class Members are entitled to recover their attorney's fees and costs.

## JURY DEMAND

108. Plaintiffs and Class Members hereby demand trial by jury.

## PRAYER

109. For these reasons, Plaintiffs and Class Members respectfully request that judgment be

entered in their favor awarding the following relief:

 a)    All unpaid wages at the mandated minimum wage rate;

 b)    All unpaid overtime wages at the mandated premium rate;

 c)    An equal amount as liquidated damages;

 d)    Reasonable attorney's fees, costs and expenses of this action;

 e)    All misappropriated tips; and

 f)    Such other relief to which Plaintiffs and Class Members may be entitled, at law or
       in equity.

                              Respectfully submitted,

                              SHELLIST | LAZARZ | SLOBIN LLP


                       By:    */s/ Mark G. Lazarz*
                              Mark G. Lazarz
                              Texas Bar No. 12069100
                              mlazarz@eeoc.net
                              Ricardo J. Prieto
                              Texas Bar No. 24062947
                              rprieto@eeoc.net
                              11 Greenway Plaza, Suite 1515
                              Houston, Texas 77046
                              Telephone: (713) 621-2277
                              Facsimile: (713) 621-0993


                              FITAPELLI & SCHAFFER, LLP
                              Joseph A. Fitapelli, *pro hac vice**
                              Frank J. Mazzaferro, *pro hac vice**
                              28 Liberty Street, 30th Floor
                              New York, New York 10005

19

Telephone: (212) 300-0375
Facsimile: (212) 481-1333
ATTORNEYS FOR PLAINTIFF AND
CLASS MEMBERS

*\* Pro Hac Vice Motion Forthcoming*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2017, a true and correct copy of the foregoing document was electronically filed.  Notice of this filing will be served on all parties by operation of the Court's Electronic Filing System.

*/s/ Ricardo J. Prieto*
 Ricardo J. Prieto