IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRADLEY ALVERSON and CASEY HOWIE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>V.<br><br>BL RESTAURANT OPERATIONS LLC D/B/A BAR LOUIE,<br><br>Defendant. | CIVIL ACTION NO. 5:16-cv-00849-OLG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO
FRCP 12(c) [Doc. No. 24]**

**I.   INTRODUCTION.**

Simply put, Defendant's motion should be denied as it is well established that an employer cannot utilize "203(m)'s tip credit for hours that [are not] tip-credit eligible." *Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1285 (10th Cir. 2017). Pursuant to the Department of Labor's Field Operations Handbook §30d00(e), tipped employees who spend a substantial amount of time (defined as more than 20 percent) performing related but nontipped work are entitled to the full minimum wage for the time the employee spends performing those duties. *See*, *Id*. at 1284. Similarly, where a tipped employee holds "more than one job for the same employer, one which generates tips and one which does not, and that the employee is entitled to the full minimum wage rate while performing the job that does not generate tips." *Id*. (quoting *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 878 (8th Cir. 2011) *cert. denied,* 132 S. Ct. 1094

(2012)). Here, Plaintiffs bring claims that Defendant impermissibly utilized the tip credit minimum wage as they required tipped employees to: (1) spend more than 20% of their shift engaged in non-tipped side work related to the tipped profession; and (2) perform duties unrelated to the tipped occupation and therefore engaged in a dual occupation.

Contrary to Defendant's unsupported argument, Plaintiffs' claim that they are entitled to the full minimum wage for these violations is well-established in courts across the country. Since the Eighth Circuit's seminal decision in *Fast,* which found the Department of Labor's "80/20" standard entitled to deference, numerous District Courts have followed. *See e.g., Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 584 (S.D.N.Y. 2015) (listing cases nationwide where the "80/20" rule was granted deference). Moreover, the "80/20" standard is the result of over thirty years of well documented, consistent evolution of the Department of Labor's own regulations. Without it, the very purpose of the FLSA, "to ensure that every covered worker receives '[a] fair day's pay for a fair day's work,'" would be in jeopardy. *Romero*, 849 F.3d at 1285 (quoting *Barrentine v. Ark.–Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981)). Thus, Defendant's motion should be denied.

## II.    FACTS & PROCEDURAL HISTORY.

Plaintiffs filed their First Amended Complaint on April 20, 2017, alleging, among other things, that Defendant failed to pay proper minimum wages and overtime compensation in violation of the FLSA and the Pennsylvania Minimum Wage Act ("PMWA"). Doc. No. 16. On June 7, 2017, Defendant filed its Motion for Partial Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) ("the Motion") asking the Court to dismiss one of Plaintiffs' FLSA claims, claiming that Plaintiffs' "80/20" minimum wage claim does not exist. Doc. No. 24, *passim*.

## III. LEGAL AUTHORITY & ARGUMENT.

"The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). To survive such a motion under Rule 12(c), the complaint need only contain "a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1332 (Fed. Cir. 2012).

"[I]n the specific context of FLSA overtime claims[,] … detailed factual allegations" are not required. *Hoffman v. Cemex, Inc.*, 2009 WL 4825224, *3 (S.D. Tex. Dec. 8, 2009) (Rosenthal, J). Unlike "the complex antitrust scheme at issue in Twombly[,] … the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). "The elements that must be shown are simply a failure to pay overtime compensation … to covered employees … in accordance with the Act." *Id.* In other words, "it does not take much to inform the defendant of the nature of the plaintiff's claim." *Martinez v. Regency Janitorial Servs. Inc.*, 11- C-259, 2011 WL 4374458, at *4 (E.D. Wis. Sept. 19, 2011). And where the plaintiffs' complaint states "simply, concisely, and directly events that … entitle them to damages[,]… they [a]re required to do no more to stave off threshold dismissal for want of an adequate statement of their claim." *Johnson*, 135 S. Ct. at 347. Indeed, heavily detailed allegations and specific week-by-week, minute-by-minute recollection of tasks

performed or hours worked are not required to meet Rule 8(a) in the specific context of the FLSA overtime claims. *See Hoffman v. Cemex, Inc.*, 2009 WL 4825224, at *6 (S.D. Tex. 2009); *See, e.g., Connolly v. Smugglers' Notch Management Co.*, 2009 WL 3734123, at *3(D. Vt. Nov. 5, 2009)("While provisions of time periods would certainly be more informative, the allegations have put the defendant on notice [of FLSA claim], and, with this, Smugglers' Notch can easily determine time periods on its own by looking at company records, which it is required to keep by law."); *Achco v. Cort*, 2009 WL 3562472, at *2, 3 (N.D. Cal. Oct. 27, 2009)(denying motion to dismiss FLSA overtime claim based on Plaintiff's allegation "that he worked more than forty hours per week and did not receive compensation for those overtime hours," noting that "[i]t cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records.") *see also Iqbal*, 129 S. Ct. at 1950 ("Determining whether a complaint states a plausible claim for relief will… be a context-specific task… ."). Dismissal is not appropriate on the core allegations of liability. *Hoffman v. Cemex, Inc.*, 2009 WL 4825224, at *7 (S.D. Tex. 2009).

Here, Defendant's Motion to dismiss is without merit. Plaintiffs' "80/20" claim as plead is viable because the FLSA does not permit an employer to take a tip credit for periods of non-tipped work if these periods occur more than "part of the time" or "occasionally." *See* 29 C.F.R. § 531.56(e); *see also Romero*, 849 F.3d at 1285 (cannot utilize tip credit where tipped employees spend more than 20 percent of time in related but nontipped work). In their Complaint, Plaintiffs have alleged that "Defendant violated the FLSA by … requiring tipped employees to spend more than 20% of their time at work engaged in non-tipped side work related to the tipped profession…" *See* Doc. No. 16 at p. 2 ¶3. This more than satisfies Plaintiffs' pleading requirements under Fed. R. Civ. P. 8. Ultimately, the burden as to whether the Plaintiffs were

4

properly compensated lies with Defendant. Exemptions from *or exceptions to* FLSA requirements are to be *narrowly construed* against the employer asserting them. *Donovan v. Brown Equipment & Service Tools, Inc.,* 666 F.2d 148, 153 (5th Cir.1982) (citations omitted). Since Plaintiffs have plead a plausible claim, they are not required to do anything further to avoid dismissal under Rule 12(b)(6). *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Because the same standard applies to Defendant's Rule 12(c) Motion for Judgment on the Pleadings (Doc. 24), the motion should be denied.

**A.    The Department of Labor's "80/20" Rule Provides a Valid Claim Under the FLSA.**

The FLSA requires employers to pay workers the minimum wage for all hours worked. 29 U.S.C. § 206(a). With respect to certain "tipped employees," however, an employer may take a "tip credit" against the minimum wage if the employer meets certain requirements. 29 U.S.C. § 203(m). A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

Congress did not define "occupation" or address the possibility of an employee working in more than one "occupation" for the same employer. *Fast*, 638 F.3d at 878. While Defendant urges the Court to rely on inapposite analogies regarding the definition of "occupation" and "Dual Jobs," Def's. Br. at pg. 6 fn. 1, the proper source is the DOL, which promulgated an on-point regulation in 1967. *See Fast*, 638 F.3d at 878. The "Dual Jobs" regulation explains the difference between an employee who performs work in two distinct "occupations" (one tipped and one not), and an employee who performs work in a single tipped "occupation," but performs non-tip generating duties "part of the time" or "occasionally." 29 C.F.R. § 531.56(e).[1]

---

[1]    29 C.F.R. § 531.56(e) provides as follows:

5

Under the "Dual Jobs" regulation, an employer may not take a tip credit for periods of non-tipped work if these periods occur more than "part of the time" or "occasionally." *See* Br. for the Sec'y of Labor as Amicus Curiae Supporting Appellees, *Fast, et al., v. Applebee's International, Inc.*, 638 F.3d 872 (8th Cir. 2011), 2010 WL 3761133, at *8, 9 (C.A. 8). Although the "Dual Jobs" regulation does not define "part of the time" or "occasionally," the DOL later clarified that an employee who engages in non-tipped work for more than 20 percent of a workday does not do so "part of the time" or "occasionally." In such cases, the employee must be paid the full minimum wage for the time spent on non-tipped work. *See* U.S. Dept. of Labor, Wage and Hour Division, Field Operations Handbook § 30d00(e) (Dec. 9, 1988) ("DOL FOH"); Ex. A.[2]

Defendant's attempt to constrain the application of the "Dual Jobs" regulation to instances where an employer employs workers in two formal job titles is without support and would leave the workers' minimum wage protections at the mercy of their employer's preferences for assigning job-titles. *See Fast v. Applebee's Int'l, Inc.*, No. 06 Civ. 4146, 2010 WL 816639, at *6 (W.D. Mo. Mar. 4, 2010) *aff'd*, 638 F.3d 872 (8th Cir. 2011) (noting the

---

(e) Dual jobs. In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

[2] The DOL revised § 30d00 of the handbook on November 17, 2016 to expand on the "Dual Jobs" provision. The 20% rule remains the same. However, for purposes of full disclosure to the Court, "Exhibit A" includes both the 1988 ("Exhibit A-1") and 2016 ("Exhibit A-2") DOL FOH's.

possibility employers could abuse the "Dual Job" regulation if it definition was too narrowly construed).

**B.      History of the "Dual Jobs" Regulation and the "80/20" Rule.**

The DOL first expounded on the ambiguities of the "Dual Jobs" regulation through a March 28, 1980 opinion letter. *See* WHD Opinion Letter WH-502, 1980 WL 141336 (March 28, 1980). There, the DOL determined that, pursuant to the "Dual Jobs" regulation, an employer was permitted to take the tip credit for time workers spent cleaning the salad bar, placing condiment crocks in the cooler, cleaning and stocking the waitress station, cleaning and resetting the tables, and vacuuming the dining room carpet, after the restaurant was closed. *Id.* However, the DOL warned that it "might have a different opinion if the facts indicated that specific employees were routinely assigned, for example, maintenance-type work such as floor vacuuming." *Id*.

The DOL recognized that it had to place a reasonable limit on the amount of non-tipped work that a worker could perform without the employer losing the tip credit. *Fast*, 2010 WL 816639, at *6 (W.D. Mo. Mar. 4, 2010). "Otherwise, an employer could effectively use servers and bartenders as janitors and cooks both during and outside business hours when no customers were present." *Id.* at *6.

The DOL addressed this concern in a December 20, 1985 opinion letter. Ex. B (Dep't of Labor, Wage & Hour Div., Op. Letter FLSA854 (Dec. 20, 1985)). In this opinion letter, the DOL re-stated the "related duties" language in the "Dual Jobs" regulation and stated that employers may take a tip-credit only if non-tipped duties are "*incidental to* the waiter or waitress's regular duties." *Id.* at 3 (emphasis added). On the other hand, if tipped employees

7

spend "*a substantial amount of time* performing general preparation work," the employer may not take a tip credit for the non-tipped work. *Id.* (emphasis added).

In 1988, the DOL brought its interpretation of 29 C.F.R. 531.56(e) to its current form in its FOH by implementing the "80/20" rule. In the FOH, the DOL repeats the distinctions in the "Dual Job" regulation. *See* DOL FOH, 30d00(e); *Fast*, 638 F.3d at 877. The FOH then specifically limits the permissible amount of non-tipped work to 20 percent of a worker's workday. DOL FOH, 30d00(e). If a worker spends more than 20 percent of her workday performing non-tipped duties, the time spent performing non-tipped duties must be compensated at the full minimum wage rate. *Id.* Reiterating the requirement that tipped employees not engage in non-tipped duties for more than 20 percent of their workday, in July 2009, the DOL published a fact sheet for employers specifying the "80/20" rule. *See* "Fact Sheet # 15: Tipped Employees Under the Fair Labor Standards Act," available at http://www.dol.gov/whd/regs/compliance/whdfs15.pdf (last visited June 9, 2017) ("[W]here a tipped employee spends a substantial amount of time (in excess of 20 percent in the workweek) performing related duties, no tip credit may be taken for the time spent in such duties.").

**C.   The "80/20" Rule is Well-Established and Should Be Followed.**

Defendant is wrong that the DOL has been inconsistent regarding the "80/20" rule or that it somehow advises against using the FOH to interpret rules and regulations. Def's. Br. at pgs. 7-8. The DOL solely states that the FOH does not "establish" policy but that it "reflects policies established through changes in legislation, regulations, significant court decisions, and the decisions and opinions of the WHD Administrator."[3]

---

[3]   http://www.dol.gov/whd/FOH/ (last visited on June 9, 2017).

Courts routinely follow the DOL's interpretation of its own regulation in the DOL FOH. DOL FOH, 30d00(e); *see Fast*, 638 F.3d at 881 (holding that the "district court properly concluded that the [DOL] Handbook's interpretation of § 531.56(e) governs this case."); *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 584 (S.D.N.Y. 2015) ("a plaintiff can state a FLSA minimum wage claim based on an alleged violation of the twenty percent rule."); *Hart v. Crab Addison, Inc.*, 13 Civ. 6458, 2014 WL 5465480, at *5 (W.D.N.Y. Oct. 28, 2014) ("[W]here a pleading plausibly alleges that an employee in a tipped occupation also ... performed related untipped duties more than 20% of a workweek, and the employer claimed the tip credit for all hours worked, the pleading states a minimum wage tip-credit claim without more, since the employer cannot take the tip credit at all for hours spent ... performing related untipped work that comprised more than 20% of a workweek."); Ex. C (*Crate v. Q's Restaurant Group, LLC,* No. 13 Civ. 02549, 2014 WL 10556347, at *4 (M.D. Fla. May 2, 2014)) ("[T]he Court concludes that the 20% rule clarifies the ambiguity contained in 29 C.F.R. § 531.56(e) by delineating how much time a tipped employee can engage in related, non-tip-producing activity before such time must be compensated directly by the employer at the full minimum wage rate."); *Driver v. AppleIllinois, LLC*, 890 F. Supp. 2d 1008, 1033 (N.D. Ill. 2012) ("The dual jobs regulation, as interpreted by the DOL, permits 'related duties' that are not tip-producing to be done by tipped employees, but to a limited extent not to exceed 20% of the worker's shift."); *Ide v. Neighborhood Restaurant Partners, LLC*, No. 13 Civ. 509 (MHC), 2015 WL 11899143, at *6 (N.D.Ga., 2015) (". . . a reasonable interpretation of § 531.56(e) is that [plaintiff] would be entitled to minimum wage if she spends more than twenty percent of her time performing related but non-tipped duties.")

Courts also routinely grant FLSA conditional certification under 29 U.S.C. § 216(b) where the plaintiffs bring this claim. *See, e.g.*, *Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004, at *3 (S.D.N.Y. Sept. 20, 2013) (granting conditional certification on plaintiffs' twenty percent claim); *Walter v. Buffets Inc.*, No. 13 Civ. 02995 (JMC), 2015 WL 3903382, at *3 (D.S.C. June 25, 2015) (same). In fact, a Houston, Texas Court declined to decertify a § 216(b) FLSA class where plaintiffs had alleged the 20% rule. *See Plewinski v. Luby's Inc.*, Civ. A. No. H-07-3529, 2010 WL 1610121, at *1 (S.D. Tex. April 21, 2010).

Defendant provides no good reason that the Court should reject the DOL's "80/20" rule or the reasoning of multiple other courts. Defendant's primary argument, that a 2009 opinion letter abolishes the "80/20" rule, Def's Br. at pg. 7, is incorrect. Ex. D (WHD Opinion Letter FLSA2009-23 (January 16, 2009)). In fact, the DOL published and *simultaneously withdrew* the 2009 opinion letter with a statement that the letter could not be relied on as a statement of agency policy. Br. for the Sec'y of Labor as Amicus Curiae Supporting Appellees, 2010 WL 3761133, at *15, n.3 (the 2009 opinion letter "was published and simultaneously withdrawn with an accompanying statement by WHD that it could not be relied on as a statement of agency policy."). Therefore, even though Defendant relies heavily on the 2009 opinion letter, there was not a second in time when the 2009 opinion letter could be relied on as authority. *See Salazar-Martinez v. Fowler Bros., Inc.*, 781 F. Supp. 2d 183, 195 (W.D.N.Y. 2011) (denying defendant's request that the court rely on a DOL interpretation from an interpretive bulletin because it was withdrawn 90 days after being issued).

Defendant's attempts to demonstrate conflicting applications of the "80/20" rule fails as well. *See* Def's. Br. at pg. 8. In *Pellon v. Bus. Representation Int'l, Inc.*, 528 F. Supp. 2d 1306 (S.D. Fla. 2007) *aff'd,* 291 F. App'x 310 (11th Cir. 2008), the plaintiffs were "skycaps" who

assisted airline travelers with their luggage. Unlike in this case, where Plaintiffs performed a substantial amount of non-tipped work, the *Pellon* plaintiffs performed non-tipped duties "intermittently and as part of the primary occupation." *Fast*, 638 F.3d at 880. Contrary to Defendant's assertions, Def's. Br. at pg. 9, the *Pellon* court did not determine whether the "80/20" rule was entitled to deference. *Crate*, 2014 WL 10556347, at *3 ("Given that the *Pellon* court was not required to determine the amount of deference to be given to the 20% rule this Court finds Defendant's reliance on *Pellon* to be misplaced."); *see also Schamis v. Josef's Table, LLC*, No. 12 Civ. 80638, 2014 WL 1463494, at *4 n.2 (S.D. Fla. Apr. 15, 2014) ("In relying on *Pellon*, Defendant states the "Eleventh Circuit rejects the DOL Field Operations handbook regarding the 20% guidance." . . . The Court finds this statement to be misleading. While the Eleventh Circuit affirmed *Pellon*, it did not affirmatively state it rejected the 20% guidance.").

Furthermore, *Pellon* was cited by the Eighth Circuit in *Fast* for the proposition that "where related duties are performed intermittently and as part of the primary occupation, these duties are subject to the tip credit." *Fast*, 638 F.3d at 880. Defendant ignores Plaintiffs' allegations that Defendant required tipped workers to engage in duties completely *unrelated* to the tipped profession, including cleaning and general restaurant maintenance. *See, e.g.*, ECF No. 16 at ¶ 34. These allegations must be taken as true on a motion to dismiss. *See Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986) (a complaint must be liberally construed in the plaintiff's favor, all reasonable inferences must be drawn in favor of the plaintiff's claims, and the factual allegations of the complaint must be taken as true).

When tipped workers are required to perform duties unrelated to tipped-duties, as Plaintiffs allege here, they are entitled to the full minimum wage for the time they spend on the non-tipped duties. *See Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) ("But

of course if the tipped employees also perform non-tipped duties (provided those duties are unrelated to their tipped duties - an important qualification, as we'll see), such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work."). Here, Plaintiffs clearly allege specific non-tipped duties similar to those described in *Driver*. *See, e.g.*, ECF No. 16 at ¶ 34.

## D.     The DOL FOH is Entitled to Deference.

### 1.     The DOL FOH is Entitled to *Auer* Deference.

Defendant argues that the *Fast* court's reliance on *Auer* was inappropriate. Def's. Br. at pg. 11. Defendant is wrong. "*Auer*" deference is appropriate where the rule to be interpreted "is a creature of the Secretary's own regulations, [and its] interpretation of it is . . . controlling unless plainly erroneous or inconsistent with the regulation." *See Auer v. Robbins,* 519 U.S. 452, 461 (1997). *Auer* deference is appropriate "where the regulations g[i]ve specificity to a statutory scheme the [DOL] [i]s charged with enforcing and reflect[ ] the considerable experience and expertise the Department of Labor ha[s] acquired over time with respect to the complexities of the Fair Labor Standards Act." *Fast*, 638 F.3d at 879-880 (quotation and citation omitted). Here, the DOL relied in the "experience and expertise" it acquired over many years of applying the FLSA to tipped workers and its interpretation is entitled to deference. *Id.* (quoting *Gonzales v. Oregon,* 546 U.S. 243, 256-57 (2006)) (internal quotation marks omitted).

Defendant is wrong that the DOL's interpretation of the "Dual Job" regulation has been inconsistent and erroneous. Def's. Br. at pg. 12. To support its claim that the DOL has interpreted the "Dual Jobs" regulation inconsistently, Defendant again relies on the withdrawn 2009 opinion letter that was withdrawn as soon as it was issued and, according to the DOL,

12

cannot be "relied on as a statement of agency policy." Br. for the Sec'y of Labor as Amicus Curiae Supporting Appellees, 2010 WL 3761133, at *15, n.3. Furthermore, Defendant's characterization of the DOL's position as "flip-flops," Def's. Br. at pg. 11 fn. 4, is greatly exaggerated. Defendant also fails to identify the manner in which the "80/20" interpretation is erroneous. Rather, Defendant simply points out the lack of legislative history on the issue and reiterates its preferred narrow reading that the "Dual Jobs" regulation covers only employees with two formal job titles. Def's. Br. at pg. 11.

Defendant's reliance on *Christopher v. SmithKline Beechman Corp.*, 132 S. Ct. 2156 (2012) is misplaced because there, unlike here, DOL's interpretation of the pertinent regulation varied in various court briefings. In *SmithKline*, the Supreme Court noted that the DOL first announced its view that pharmaceutical detailers were not exempt outside sales in an amicus brief filed in the Second Circuit in 2009. *Id.* at 2165. While the DOL's ultimate conclusion that detailers were not exempt remained unchanged, the DOL's reasoning for its determination changed. *Id.* In amicus briefs to the Second and Ninth Circuits, the DOL stated that a "sale" for the purposes of the outside sales exemption required a consummated transaction directly involving the employee for whom the exemption is sought. *Id.* at 2165-2166. After the Supreme Court granted certiorari, the DOL took the position that an employee does not make a sale for purposes of the outside sales exemption unless he actually transfers title to the property at issue. *Id.* at 2166. For the Supreme Court, these changes and *post hoc* justification adopted in response to litigation did not entitle the DOL to *Auer* deference. *See also, Decker v. Nw. Envtl. Def. Ctr.*, 133 S. Ct. 1326, 1329-30, 185 L. Ed. 2d 447 (2013) ("Another reason to accord *Auer* deference to the EPA's interpretation is that there is no indication that the agency's current view is a change from prior practice or is a *post hoc* justification adopted in response to litigation.").

The history of the "80/20" rule is substantially different from the situation in *SmithKline*. The DOL first announced its current interpretation of the "Dual Jobs" regulation, the 20 percent temporal limit, decades ago. Additionally, the "80/20" rule has remained constant in both the FOH and in court briefs filed by the DOL. *See* Br. for the Sec'y of Labor as Amicus Curiae Supporting Appellees, 2010 WL 3761133, at *15, n.3.

**E.     Plaintiffs Properly Plead an "80/20" Violation.**

Plaintiffs clearly allege that Defendant engaged in an unlawful policy and practice of requiring tipped workers to spend a substantial amount of time (in excess of 20 percent) engaged in non-tipped "side work." *See* ECF No. 16 at ¶ 3(d). Plaintiffs also allege that the "side work" they performed includes duties unrelated to tip-generating service work and/or involved general cleaning and maintenance of the restaurant, performed in mass and not specific to particular customers, tables, or sections. *Id*. ¶¶ 26-35. This includes the side work that Plaintiffs performed as tipped workers at the start and end of their shifts. *Id*. ¶29. Moreover, Plaintiffs clearly allege that Defendant has a uniform nationwide policy requiring Plaintiffs and their tipped co-workers to engage in non-tipped duties for more than 20 percent of their shifts without paying them the full minimum wage. *Id*. ¶¶ 42-44. Plaintiffs have clearly plead that non-tipped duties were performed at the beginning and end of each shift and that Plaintiffs engaged in the non-tipped duties in excess of two hours and more than twenty percent of their work time. *Id*. ¶30.

**F.     The "80/20" Rule is Manageable and Prevents the Abuse of Tipped Employees.**

Defendant's "policy" argument that the "80/20" rule is impractical and, Def's. Br. at pg. 7, is not supported by any authority. It also ignores the fact that the FLSA is a is a statute of broad remedial purpose. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947). The

"Dual Jobs" regulation specifically addresses the worry that employers could avail themselves of the tip credit and still require employees earning sub-minimum wages to engage in non-tip producing work. The "80/20" rule clarifies what "part of the time" or "occasionally" means in the "Dual Jobs" regulation. *See* 29 C.F.R. § 531.56(e). This aids employers by clarifying what these ambiguous terms mean. *Fast*, 638 F.3d at 878 (8th Cir. 2011).

Furthermore, Defendant spends a significant portion of its brief arguing that the duties complained of by Plaintiffs all fall within the scope of tip credit occupations that they work in, which misconstrues Plaintiffs' allegations. *See* Def's Br. at pg. 13. However, Plaintiffs allege that Defendant engaged in an unlawful policy and practice of requiring tipped workers to spend a substantial amount of time (in excess of 20 percent) engaged in non-tipped "side work." *See* ECF No. 16 at ¶ 3(d). Plaintiffs also allege that the "side work" they performed includes duties unrelated to tip-generating service work and/or involved general cleaning and maintenance of the restaurant, performed in mass and not specific to particular customers, tables, or sections. *Id*. ¶¶ 26-35. This includes the side work that Plaintiffs performed as tipped workers at the start and end of their shifts. *Id*. ¶29. These duties, many of which are typically performed by back-of-the-house employees at other employers, include cleaning, maintenance and bulk preparation work are unrelated to the tipped profession, are not tip producing, and are not directed at a specific customer. *See e.g. Driver,* 890 F.Supp.2d at 1033 ("Even if, *arguendo,* silverware rolling is considered 'related,' it is clearly not tip-producing."); *Driver*, 739 F.3d at 1075 ("But of course if the tipped employees also perform non-tipped duties (provided those duties are unrelated to their tipped duties—an important qualification, as we'll see), such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

Moreover, as most restaurants maintain point of sale systems that enable employees to punch in under multiple job codes at different rates of pay, it would be entirely feasible for Defendant to track the amount of time a worker spends performing non-tipped work. As the DOL stated in its amicus brief to the Eight Circuit in *Fast*, "[a]n employer should also be able to determine whether, during the course of an eight-hour shift, a tipped employee is spending in excess of one-and-one half hours performing related duties. This is a significant period of time, and it is not onerous for an employer to be required to prove (by records or other means) that their employees for whom they are utilizing a tip credit are not performing related duties in excess of 20 percent of the time." Br. for the Sec'y of Labor as Amicus Curiae Supporting Appellees, 2010 WL 3761133, at *26-27.

## IV. CONCLUSION.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's motion in its entirety.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Ricardo J. Prieto*
Mark G. Lazarz
Texas Bar No. 12069100
mlazarz@eeoc.net
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

FITAPELLI & SCHAFFER, LLP
Joseph A. Fitapelli, admitted *pro hac vice*
Frank J. Mazzaferro, admitted *pro hac vice*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
Facsimile: (212) 481-1333
ATTORNEYS FOR PLAINTIFF AND
CLASS MEMBERS

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2017, a true and correct copy of the foregoing document was electronically filed. Notice of this filing will be served on all parties by operation of the Court's Electronic Filing System.

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto