# EXHIBIT D



**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

March 2, 2009

Dear **Name\***:

Enclosed is the response to your request for an opinion letter signed by the then Acting Wage and Hour Administrator Alexander J. Passantino on January 16, 2009 and designated as Wage and Hour Opinion Letter FLSA2009-23. It does not appear that this response was placed in the mail for delivery to you after it was signed. In any event, we have decided to withdraw it for further consideration by the Wage and Hour Division. We will provide a further response in the near future.

The enclosed opinion letter, and this withdrawal, are issued as official rulings of the Wage and Hour Division for purposes of the Portal-to-Portal Act, 29 U.S.C. § 259. *See* 29 C.F.R. §§ 790.17(d), 790.19; *Hultgren v. County of Lancaster, Nebraska*, 913 F.2d 498, 507 (8th Cir. 1990). Wage and Hour Opinion Letter FLSA2009-23 is withdrawn and may not be relied upon as a statement of agency policy.

Sincerely,


John L. McKeon
Deputy Administrator for Enforcement



**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

FLSA2009-23

This Opinion Letter is withdrawn.
January 16, 2009

**Dear Name\*:**

This is in response to your request that we clarify our Field Operations Handbook (FOH) section 30d00(e),[1] which explains the Wage and Hour regulation at 29 C.F.R. § 531.56(e) interpreting the definition of a "tipped employee" in section 3(t) of the Fair Labor Standards Act, 29 U.S.C. § 203(t). We agree that the current FOH sections addressing the tip credit have resulted in some confusion and inconsistent application and, as a result, may require clarification. It is our intent that FOH § 30d00(e) be construed in a manner that ensures not only consistent application of the Act and a level of clarity that will allow employers to determine up front whether their actions are in compliance with the Act, but also the paramount goal that all affected workers receive the full protections of the Act.

The tip credit provision in section 3(m) of the FLSA, 29 C.F.R. § 203(m), permits an employer to pay its tipped employees not less than $2.13 per hour in cash wages and take a "tip credit" equal to the difference between the cash wages paid and the federal minimum wage, which is currently $6.55 per hour. The tip credit may not exceed the amount of tips actually received and under the current minimum wage may not exceed $4.42 per hour ($6.55 – $2.13).[2] A "tipped employee" is defined in FLSA section 3(t) as any employee engaged in an *occupation* in which he or she customarily and regularly receives not less than $30 a month in tips (emphasis added).

Recognizing that there are situations in which employees have more than one occupation, some of which may meet the tip credit requirements and some of which may not, the regulations provide that in such "dual jobs," the tip credit may only be applied with respect to the time spent in the tipped job.

> In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $20 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man.

---

[1] Unless otherwise noted, any statutes, regulations, opinion letters, or other interpretive material cited in this letter can be found at ww.wagehour.dol.gov .
[2] Section 3(m) also requires that an employer that elects the tip credit (1) inform its tipped employees of the tip credit provisions in FLSA section 3(m), and (2) that all tips received by such employees be retained by the employees.

29 C.F.R. § 531.56. The regulations further recognize that some occupations require both tip-generating and non-tip-generating duties, but do not constitute a dual job that necessitates the allocation of the tip credit to the tipped occupation only.

> Such a situation [i.e. one involving a dual job] is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

*Id.*

The dividing line between "dual job" and "related duties" is not always clear, however. To give enforcement guidance on this issue, we issued FOH § 30d00(e), which states:

> Reg 531.56(e) permits the taking of the tip credit for time spent in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips (i.e. maintenance and preparatory or closing activities). For example a waiter/waitress, who spends some time cleaning and setting table, making coffee, and occasionally washing dishes or glasses may continue to be engaged in a tipped occupation even though these duties are not tip producing, provided such duties are incidental to the regular duties of the server (waiter/waitress) and are generally assigned to the servers. However, where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties.

Section 30d00(e) attempts to ensure that employers do not evade the minimum wage requirements of the Act simply by having tipped employees perform a myriad of non-tipped work that would otherwise be done by non-tipped employees. Admittedly, however, it has created some confusion. For instance, in *Fast v. Applebee's Int'l, Inc.*, 502 F.Supp.2d 996 (W.D. Mo. 2007), the court construed § 30d00(e) to not only prohibit the taking of a tip credit for duties unrelated to the tip producing occupation, but also to prohibit the taking of a tip credit for duties related to the tip producing occupation if they exceed 20 percent of the employee's working time. Moreover, the court determined that what constitutes a related and non-related duty is a jury determination.

In contrast, in *Pellon v. Business Representation Int'l, Inc.*, 528 F.Supp.2d 1306 (S.D. Fla. 2007), *aff'd*, 291 Fed. Appx. 310 (11th Cir. 2008), the court rejected the *Fast* court's reading of FOH § 30d00(e), holding, in part, that the 20 percent limitation does not apply to related duties. The court further held that under the *Fast* ruling, "nearly every person employed in a tipped occupation could claim a cause of action against his employer if the employer did not keep perpetual surveillance or require them to maintain precise time logs accounting for every minute of their shifts." *Pellon*, at 1314. Such a situation benefits neither employees nor employers.

We do not intend to place a limitation on the amount of duties related to a tip-producing occupation that may be performed, so long as they are performed contemporaneously with direct customer-service duties and all other requirements of the Act are met. We also believe that guidance is necessary for an employer to determine on the front end which duties are related and unrelated to a tip-producing occupation so that it can take necessary steps to comply with the Act. Accordingly, we believe that the determination that a particular duty is part of a tipped occupation should be made based on the following principles:

- Duties listed as core or supplemental for the appropriate tip-producing occupation in the Tasks section of the Details report in the Occupational Information Network (O*NET) http://online.onetcenter.org or 29 C.F.R. § 531.56(e) shall be considered directly related to the tip-producing duties of that occupation.[3] No limitation shall be placed on the amount of these duties that may be performed, whether or not they involve direct customer service, as long as they are performed contemporaneously with the duties involving direct service to customers or for a reasonable time immediately before or after performing such direct-service duties.[4]
- Employers may not take a tip credit for time spent performing any tasks not contained in the O*NET task list. We note, however, that some of the time spent by a tipped employee performing tasks that are not listed in O*NET may be subject to the *de minimis* rule contained in Wage and Hour's general FLSA regulations at 29 C.F.R. § 785.47.

These principles supersede our statements in FOH § 30d00(e). A revised FOH statement will be forthcoming.

This opinion is based exclusively on the facts and circumstances described in your request and is given based on your representation, express or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your letter might require a conclusion different from the one expressed herein. You have represented that this opinion is not sought by a party to pending private litigation concerning the issues addressed herein. You have also represented that this opinion is not sought in connection with an investigation or litigation between a client or firm and the Wage and Hour Division or the Department of Labor.

---

[3] WHD recognizes that there will be certain unique or newly emerging occupations that qualify as tipped occupations under the Act, but for which there is no O*NET description. See e.g., Wage and Hour Opinion Letter FLSA2008-18 (Dec. 19, 2009) (itamae-sushi chefs and teppanyaki chefs). For such tipped occupations for which there is no O*NET description, the duties usually and customarily performed by employees in that specific occupation shall be considered "related duties" so long as they are consistent with the duties performed in similar O*NET occupations. For example, in the case of unique occupations such as teppanyaki chefs, the related duties would be those that are included in the tasks set out in O*NET for counter attendants in the restaurant industry.

[4] See Wage and Hour Opinion Letter WH-502 (Mar. 28, 1980) (concluding that a waitperson's time spent performing related duties (vacuuming) after restaurant was closed was subject to tip credit).

We trust that this letter is responsive to your inquiry.

Sincerely,


Alexander J. Passantino
Acting Administrator

**\* Note: The actual name(s) was removed to preserve privacy in accordance with 5 U.S.C. § 552(b)(7).**