# Exhibit 6

| | |
|---|---|
| **SHELLIST LAZARZ SLOBIN LLP**<br>Mark G. Lazarz<br>Ricardo J. Prieto<br>11 Greenway plaza, Suite 1515<br>Houston, Texas 77046<br>Telephone: (713) 621-2277 | **FITAPELLI & SCHAFFER, LLP**<br>Joseph A. Fitapelli, pro hac vice<br>Frank J. Mazzaferro, pro hac vice<br>28 Liberty Street, 30th Floor<br>New York, New York 10005<br>Telephone: (212) 300-0375 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **BRADLEY ALVERSON, CASEY HOWIE**<br>**Individually and On Behalf of All Others**<br>**Similarly Situated,**<br><br>Plaintiffs,<br><br>V.<br><br>**BL RESTAURANT OPERATIONS LLC D/B/A**<br>**BAR LOUIE,**<br><br>Defendant. | **CIVIL ACTION**<br>**NO. 5:16-cv-00849**<br><br>**DECLARATION OF**<br>**BRADLEY ALVERSON** |

I, Bradley Alverson, under penalty of perjury, affirm and state as follows:

1. I am a Plaintiff in the above-captioned case and I submit this declaration in support of Plaintiffs' motion for preliminary certification pursuant to the Fair Labor Standards Act ("FLSA").

2. From in or around March 1, 2013 until present, I was employed as a Bartender at the Stone Oak Bar Louie restaurant located in San Antonio, TX ("Bar Louie").

3. Throughout the course of my employment as a bartender, I was paid less than the full minimum wage for the hours I worked.

I. **Notification**

4. During the course of my employment, Bar Louie did not explain to me that I was being paid less than the full minimum wage because I was receiving tips, or that my tips would be used as a credit against the minimum wage that Bar Louie was required to pay me.

5. During the course of my employment at Bar Louie, I was never given nor shown a copy or a summary of any laws, rules, or regulations regarding the tip credit and minimum wages.

II. **Non-Tip Producing Side Work**

6. At the start and end of a shift, Bar Louie required that I, and other tipped employees, spend a substantial amount of time performing non-tip producing side work.

7. Generally, lunch shifts lasted between 7 to 8 hours in length, and I would regularly spend approximately between 2 to 3 hours performing opening, running, and end of shift side work.

8. Generally, dinner shifts lasted between 8 to 11 hours in length, and I would regularly spend approximately between 3 to 4 hours performing opening, running, and end of shift side work.

9. Many of the side work duties I performed were done before the restaurant was open to the public, or after I completed customer service. For example, for opening lunch shifts, we were required to report to work at 9:00 a.m. or 10:00 a.m. depending on the day to perform opening side work before the restaurant opened to the public an hour later from the time of my arrival.

10. As a result of this practice, I, and other tipped employees, spent in excess of twenty percent (20%) of our time at work engaged in a non-tipped capacity. During these periods, I, and other tipped employees, were compensated at the tipped minimum wage rate rather than the full minimum wage rate.

11. The side work tasks that Bar Louie required me, and other tipped employees, to perform included, but was not limited to: (1) cleaning the bathroom; (2) cleaning out coolers; (3) cleaning shelves; (4) washing dishes; (5) polishing brass; (6) cleaning table legs; (7) dusting; (8) wiping down liquor bottles; (9) mopping; (10) cleaning bar mats; (11) cleaning beer wells; (12) cutting fruit; (13) making simple syrup; (14) stocking liquor and wine; (15) sanitizing glasses; and (16) wiping down the bar.

12. The "side work" duties mentioned above, were not specific to a particular customer or table, but were performed in mass quantities for the entire shift or for future shifts.

13. Although Bar Louie has a timekeeping system which allows the restaurants to track multiple job codes, I was not asked by Bar Louie to punch in under a separate job code or keep track of the time that I spent performing "side work."

### III. Tipped Hourly Employees are Subjected to the Same Policies and Procedures

14. Throughout the course of my employment, I received documentation from Bar Louie which outlined the terms, conditions and policies that I must follow.

15. I believe Bar Louie's tipped employees receive the same documentation.

16. Bar Louie maintains a policy in which employees are permitted to travel and work at different Bar Louie locations nationwide. I have worked at other Bar Louie restaurants and with other tipped employees who have worked at various Bar Louie restaurants throughout the United States.

17. I believe all tipped employees of Bar Louie restaurants nationwide should receive notice of this lawsuit and receive an opportunity to join the case.

18. I know that there are hundreds of other tipped employees working at Bar Louie.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 6-13-17 | _/s/ Bradley Alverson_ |
| Date | BRADLEY ALVERSON |