```
              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TEXAS
                  SAN ANTONIO DIVISION


BRADLEY ALVERSON and CASEY      *
HOWIE, Individually and On      *
Behalf of All Others            *
Similarly Situated,             *
                                *   CIVIL NO. SA-16-CA-00849-OLG
          Plaintiffs,           *
                                *
v.                              *
                                *
BL RESTAURANT OPERATIONS LLC    *
d/b/a BAR LOUIE,                *
                                *
          Defendant.            *
```

## MEMORANDUM AND RECOMMENDATION

Bradley Alverson and Casey Howie, individually and on behalf of all others similarly situated, filed this lawsuit against BL Restaurant Operations d/b/a Bar Louie under the Fair Labor Standards Act ("FLSA") for allegedly failing to pay minimum wage and overtime compensation as required for covered employees, 29 U.S.C. §§ 206(a) and 207(a). The FLSA allows employers to pay less than the minimum wage and overtime pay to employees who receive tips and to take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. **29 U.S.C. § 203(m).**

In their Amended Complaint (docket no. 16), plaintiffs allege that defendant violated the FLSA by, among other things,

requiring tipped employees to spend more than 20% of their time at work engaged in nontipped side work related to the tipped profession, and requiring tipped employees to perform non-tipped side work unrelated to the tipped profession. By doing so, according to plaintiffs, defendant loses its right to claim the tip credit and must compensate plaintiffs at the full minimum wage rate. Plaintiffs have filed a motion to conditionally certify a nationwide class of defendant's employees similarly-situated. (Docket no. 34). Defendant has filed a motion for partial judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P., alleging that it has properly claimed the tip credit.[1]  (Docket nos. 24, 29). Plaintiffs have responded. (Docket no. 25).

## **Background**

According to plaintiffs' Amended Complaint, the Class Members are current and former tipped employees who worked for defendant from August 26, 2013 through the present. Defendant BL Restaurant Operations LLC d/b/a Bar Louie is a foreign for-profit limited liability company, which does business in Texas. Defendant operates a nationwide chain of upscale bar/restaurants

---

[1] Defendant requests that a ruling on the class certification motion be stayed until this motion for judgment on the pleadings is determined. While plaintiffs oppose this request, the Court agrees that whether plaintiffs have pled claims under the FLSA bears significantly on whether a class should be conditionally certified.

called Bar Louie, employing tipped employees to provide services to its restaurant patrons.

Plaintiff Alverson is currently employed as a bartender at defendant's San Antonio, Texas Bar Louie restaurant. He was hired on or about March of 2013 and works approximately 35 to 40 hours per week. Plaintiff Howie was employed as a server and bartender at defendant's Pittsburgh, Pennsylvania Bar Louie restaurant from on or about May 2012 through March 2015 and worked approximately 35 to 45 hours per week.

Plaintiffs allege that defendant pays its tipped employees at an hourly rate below minimum wage ($2.13 per hour) plus tips. By paying plaintiffs and Class Members less than the minimum wage per hour, defendant is taking advantage of the tip credit which allows defendant to include in its calculation of wages a portion of the amounts plaintiffs receive as tips. Plaintiffs allege that defendant maintained a policy and practice whereby tipped employees were required to perform non-tip producing side work unrelated to the employees' tipped occupation. As a result, tipped employees are engaged in a dual occupation while being compensated at the tip credit rate. Plaintiffs further allege that defendant also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time, more than 20 percent, performing non-tip producing side work related to the employees' tipped occupation.

3

## **Standard of Review**

Pursuant to Rule 12(c), Fed.R.Civ.P., a party may move for a judgment on the pleadings "[a]fter the pleadings are closed-but early enough not to delay trial." "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015)(*quoting Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). A decision to grant a Rule 12(c) motion for judgment on the pleadings is reviewed using the same standards applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Phillips v. City of Dallas*, 781 F.3d 772, 775 (5th Cir. 2015). To survive a Rule 12(b)(6) motion to dismiss, the factual allegations must be sufficient to state a claim to relief that is plausible on its face and to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

Title 29 U.S.C. § 203(m) states that:

... In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—

(1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
(2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.

The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

Thus, although the FLSA, 29 U.S.C. § 206(a)(1), mandates that employers pay employees a minimum wage of $7.25 per hour, employers may pay employees who receive tips from customers $2.13 per hour if the total amount of tips equals or exceeds the difference between the national minimum wage and $2.13. ***Steele v. Leasing Enterprises, Limited***, 826 F.3d 237, 242 (5th Cir. 2016). When an employer pays its employees under this structure, the employer claims a "tip credit." ***Id***. The employer carries the burden to prove its entitlement to the tip credit. ***Id***.

5

**1. 20% exception under § 30d00(e)**

Plaintiffs allege that defendant violated the FLSA by, among other things, requiring tipped employees to spend more than 20% of their time at work engaged in non-tipped side work related to the tipped profession, and requiring tipped employees to perform non-tipped side work unrelated to the tipped profession. Defendant asserts that plaintiffs' allegation that it violated the FLSA by requiring tipped employees to spend more than 20% of their time at work engaged in non-tipped side work related to the tipped profession is not supported by the relevant law. Defendant argues that plaintiffs are relying on nonbinding provisions of the Department of Labor ("DOL") Field Operations Handbook ("Handbook" or "DOL Handbook") stating that no tip credit may be taken when greater than 20% of an employee's time is spent on non-tipped side work.

Defendant states that the tip credit is available to any employee so long as he is engaged in an "occupation" where he customarily and regularly receives $30 a month in tips; it does not require that the duties of the "occupation" consist of a certain percentage of tip producing duties and non-tip producing duties. **29 U.S.C. § 203(m), (t)**. Thus, according to defendant, the only requirement under the FLSA is that the employee be engaged in an "occupation" where he regularly receives $30 a month in tips. The DOL provision at issue, § 30d00(e), derives

from the 1988 Handbook and states that "where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties."  Defendant asserts that this provision was so unworkable and confusing that DOL abandoned it in a January 2009 opinion letter, then withdrew that opinion letter in March 2009.  Defendant also claims that courts construing this provision have rejected it as infeasible and have declined to afford it deference.

Defendant relies primarily on ***Pellon v. Business Representation International, Inc.***, 528 F.Supp.2d 1306 (S.D.Fla. 2007), *aff'd*, 291 Fed.Appx. 310 (11th Cir. 2008).  The case involved alleged violations by skycaps at the Miami International Airport.  Primary duties of a skycap include meeting airline travelers at the curb and assisting them with their luggage.  The parties disagreed about what other tasks should be performed by skycaps as a part of their job duties.  In ***Pellon***, the District Court held that all of the duties complained of by plaintiffs (without specifying what those duties were) were skycap duties directed toward receiving tips or incidental to receiving tips, and further that plaintiffs did not have "dual jobs" within the meaning of the Labor

7

Regulations. *Pellon*, 528 F.Supp.2d at 1312. The DOL regulations recognize that an employee may hold more than one job for the same employer, one which generates tips and one which does not, and that the employee is entitled to the full minimum wage rate while performing the job that does not generate tips. *See* **29 C.F.R. § 531.56(e)**. *Fast v. Applebee's Intern., Inc.*, 638 F.3d 872, 875 (8th Cir. 2011).

As defendant here notes, the District Court in *Pellon* held that a determination whether 20% (or any other amount) of a skycap's time is spent on non-tipped duties was infeasible. *Pellon*, 528 F.Supp.2d at 1313-14. The District Court stated that, "Permitting Plaintiffs to scrutinize every day minute by minute, attempt to differentiate what qualifies as tipped activity and what does not, and adjust their wage accordingly would create an exception that would threaten to swallow every rule governing (and allowing) for tip credit for employers." *Id.* at 1314. Also, "... under the reasoning proffered by Plaintiffs, nearly every person employed in a tipped occupation could claim a cause of action against his employer if the employer did not keep the employee under perpetual surveillance or require them to maintain precise time logs accounting for every minute of their shifts." *Id.* However, the District Court found that a determination concerning the 20% exception was unnecessary under the facts. *Id.* The overwhelming majority of

tasks complained of by plaintiffs in *Pellon* did not qualify as general preparation work or maintenance under § 30d00(e) of the DOL Handbook. *Id.* The District Court concluded that every task plaintiffs complained of were part of the normal duties of a skycap. *Id.*

While the District Court in *Pellon* expressed an opinion about the feasibility of the 20% exception in the DOL Handbook, it, in fact, granted the employer's motion for summary judgment based upon the facts of the case. The case before this Court is in an entirely different posture. Defendant has filed a motion for judgment on the pleadings. This Court is not yet assessing whether a genuine issue of material fact exists for trial but whether plaintiffs have stated a claim upon which relief can be granted. At this stage, they need only provide enough factual allegations which are plausible on their face and raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555, 570.

In *Richardson v. Mountain Range Restaurants LLC*, No. CV-14-1370, 2015 WL 1279237 (D.Ariz. Mar. 20, 2015), the District Court did consider, on a motion to dismiss, the application of the 20% exception in the DOL Handbook. In Count 1 of her Complaint, Richardson alleged that Denny's violated the FLSA by failing to pay her the minimum wage for her work as a server because she was required to work and spend a substantial amount

9

of time, in excess of 20% of the hours she worked, performing related non-tipped duties. In Count 2, Richardson alleged that she was engaged in working dual jobs at Denny's yet only getting paid at the reduced tip credit rate for performing a non-tipped occupation.

The District Court found that neither Congress, the Supreme Court, nor the Ninth Circuit Court of Appeals had recognized a purported cause of action based on a sub-regulation, such as § 30d00(e). ***Richardson***, 2015 WL 1279237 at *6. The District Court agreed with Denny's that the controlling regulations were not ambiguous; therefore, it need not consider additional DOL informal commentary. ***Id***. The District Court stated that 29 C.F.R. § 531.56(e), entitled "dual jobs," did not apply to Richardson because the regulation identified an employee performing two or more entirely distinct, non-overlapping jobs, while Richardson was engaged in one occupation, server. ***Id***. at *8. The District Court concluded that § 30d00(e) was neither persuasive nor entitled to deference. ***Id***. The decision in ***Pellon*** was found to be persuasive. ***Id***. at *9.[2]

Defendant argues that the Fifth Circuit has not recognized that this type of claim is cognizable under the FLSA. However, it then notes, what the ***Richardson*** Court failed to observe, that

---

[2] ***Hart v. Crab Addison, Inc.***, No. 13-CV-6458, 2014 WL 2865899 (W.D.N.Y. June 24, 2014), also cited by defendant, renders no ruling concerning the applicability of § 30d00(e) which is relevant to this case.

10

the only federal appellate court to directly consider the issue afforded controlling deference to the DOL Handbook. In *Fast v. Applebee's Intern., Inc.*, 638 F.3d 872 (8th Cir. 2011), the Court of Appeals held that the DOL's interpretation of the FLSA's dual jobs regulation was entitled to deference under *Auer v. Robbins*, 519 U.S. 452, 461 (1997), and that the DOL's interpretation of the dual jobs regulation was reasonable.[3] The plaintiffs in *Fast* were servers and bartenders who alleged that Applebee's required them to perform nontip-producing duties for significant portions of their shift while compensating them at the lower $2.13 tipped rate.

Applebee's argued, as does defendant, that the statute is focused on the occupation, not the specific duties performed, such that it can take the tip credit for the entirety of a server's or bartender's shift, as long as the employee receives sufficient tips during the shift to make up the difference between $2.13 per hour and $7.25 per hour, regardless of how much time the employee spends performing tip-producing duties. *Fast*, 638 F.3d at 876. The *Fast* Court noted that a "tipped employee" is any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips. **29 U.S.C. § 203(t).** *Fast*, 638 F.3d at 876. However,

---

[3] The *Richardson* Court noted that plaintiff had cited to *Fast* but otherwise failed to discuss the circuit case or distinguish the rationale of *Fast* from its own.

11

"occupation" is not defined in the FLSA. *Id*. For this reason, the *Fast* Court discussed the implementing regulations, in particular, § 29 C.F.R. § 531.56(e), entitled "dual jobs" and § 30d00(e) of the DOL Handbook. *Id*. at 876–78.

The Eighth Circuit held that the DOL's interpretation of § 531.56(e) was entitled to *Auer* deference. *Fast*, 638 F.3d at 879. Applebee's argued that neither the statute nor the regulation placed a quantitative limit on the amount of time a tipped employee can spend performing duties related to her tipped occupation (but not themselves tip producing) as long as the total tips received plus the cash wages equal or exceed the minimum wage. The Court in *Fast* noted that § 531.56(e) makes a distinction between an employee performing two distinct jobs, one tipped and one not, and an employee performing related duties within an occupation "part of [the] time" and "occasionally." *Id*. By using the terms "part of [the] time" and "occasionally," the regulation clearly places a temporal limit on the amount of related duties an employee can perform and still be considered to be engaged in the tip-producing occupation. *Id*. Because the regulations do not define "occasionally" or "part of [the] time" for purposes of § 531.56(e), the regulation is ambiguous, and the ambiguity supports the DOL's attempt to further interpret the regulation. *Id*. at 880. The DOL's interpretation contained in the Handbook—

12

which concludes that employees who spend "substantial time" (defined as more than 20 percent) performing related but non-tipped duties should be paid at the full minimum wage for that time without the tip credit—is a reasonable interpretation of the regulation. *Id.*[4]   *See Schaefer v. Walker Bros. Enterprises, Inc.*, 829 F.3d 551, 554 (7th Cir. 2016).

Even before *Fast*, the District Court in the Southern District of Texas in *Plewinski v. Luby's Inc.*, No. H-07-3529, 2010 WL 1610121, at *5 (S.D.Tex. Apr. 21, 2010) cited to § 30d00(e) in recognizing that "[a]n employee who spends 'a substantial amount of time (in excess of 20 percent)' doing a nontipped occupation should not be considered a tipped employee, at least for the time spent doing the non-tipped work." In *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014), the Court of Appeals, citing § 531.56(e), § 30d00(e) and *Fast*, recognized that the Department of Labor, interpreting section 203(m), has distinguished between non-tipped work that is, and is not, "related" to tipped work, and has decided that as long as the tipped employee spends no more than 20 percent of

---

[4] Citing *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155 (2012), defendant contends that *Auer* deference to an agency's interpretation does not apply in all cases. *See Auer v. Robbins*, 519 U.S. 452 (1997). However, the reasoning of the Eighth Circuit in *Fast* is far more persuasive than that of the District Courts in *Pellon* and *Richardson*. The interpretation of § 531.56(e) through § 30d00(e) of the DOL Handbook is entitled to *Auer* deference.

his workday doing non-tipped work related to his tipped work (such as a waiter's setting or clearing a table that he waits on), the employer does not have to pay the full minimum wage (that is, the minimum wage without the tip credit) for the time the employee spends doing that work. In *Driver*, the Court of Appeals stated, "if the tipped employees also perform non-tipped duties (provided those duties are unrelated to their tipped duties—an important qualification, as we'll see), such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work." *Id.* More recently, the Tenth Circuit noted that § 203(m)'s tip-credit provision is not without its limits, citing *Fast* and applying § 30d00(e) of the DOL Handbook. *Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1284 (10th Cir. 2017).

In *Pellon*, the District Court, in holding that a determination whether 20% of a skycap's time is spent on non-tipped duties was infeasible, stated that, "Permitting Plaintiffs to scrutinize every day minute by minute, attempt to differentiate what qualifies as tipped activity and what does not, and adjust their wage accordingly would create an exception that would threaten to swallow every rule governing (and allowing) for tip credit for employers."  528 F.Supp.2d at 1314. Also, "... under the reasoning proffered by Plaintiffs, nearly

14

every person employed in a tipped occupation could claim a cause of action against his employer if the employer did not keep the employee under perpetual surveillance or require them to maintain precise time logs accounting for every minute of their shifts." *Id*.  However, that reasoning ignores 29 C.F.R. § 516.28(a)(4) & (5) which requires employers to keep records for its tipped employees of "[h]ours worked each workday in any occupation in which the employee does not receive tips, and total daily or weekly straight-time payment made by the employer for such hours," and "[h]ours worked each workday in occupations in which the employee receives tips, and total daily or weekly straight-time earnings for such hours."

Clearly, the 20% exception to the tip credit found in § 30d00(e) is recognized by various courts.  Plaintiffs allege in their Amended Complaint that tipped employees were required to spend a substantial amount of time performing general cleaning of the restaurant, preparing food in bulk for customers, cutting produce, refilling condiments, and stocking and replenishing the bar and service areas.  According to plaintiffs, defendant required tipped employees to perform non-tipped side work at the start and end of every shift, including times before the restaurant opened and after the restaurant closed and customers had left.  As a result, tipped employees spent in excess of two hours and more than twenty percent of their work time engaged in

15

side work duties.  Plaintiffs allege that defendant paid tipped employees for this work at or below the reduced tip credit minimum wage rate.

Plaintiffs have stated a claim to relief that is plausible on its face and which raises a right to relief above the speculative level.  *Twombly*, 550 U.S. at 544, 555.  Courts, in particular circuit courts, have recognized that the tip credit in § 203(m) is subject to the 20% exception in § 30d00(e) in the DOL Handbook.  Plaintiffs have stated sufficient facts to qualify for the exception.  In *Montano v. Montrose Restaurant Associates, Inc.*, 800 F.3d 186, 194 (5th Cir. 2015), our Court of Appeals held that determining whether an employee is one who "customarily and regularly receives tips" is a fact-intensive inquiry that requires a case-by-case analysis of the employee's duties and activities.  The Court finds that whether the alleged non-tipped activities constituted more than 20% of plaintiffs' work and whether those activities were related to their jobs as bartenders and servers cannot be determined on the pleadings.

**2. Dual jobs**

As noted above, plaintiffs in their Amended Complaint allege that defendant violated the FLSA by, among other things, (d) requiring tipped employees to spend more than 20% of their time at work engaged in non-tipped side work related to the tipped profession; and (e) requiring tipped employees to perform

16

non-tipped side work unrelated to the tipped profession. (Docket no. 16, p. 2). Defendant appears to argue that plaintiffs' claim as regards subsection (e) is not supported by the facts or relevant law because 29 C.F.R. § 531.56(e) contemplates two occupations – not one occupation with overlapping job duties. Defendant argues that the duties complained of by plaintiffs all fall within the scope of tip credit occupations they worked.

As noted in the discussion above, application of the 20% exception overlaps with § 531.56(e). Because the regulation is ambiguous, § 30d00(e) of the DOL Handbook can be applied. **Fast**, 638 F.3d at 880. Defendant is incorrect that § 531.56(e) applies to two or more distinct occupations. The Court in **Fast** noted that § 531.56(e) makes a distinction between an employee performing two distinct jobs, one tipped and one not, *and* an employee performing related duties within an occupation "part of [the] time" and "occasionally." **Id**. at 879 (emphasis added). By using the terms "part of [the] time" and "occasionally," the regulation clearly places a temporal limit on the amount of related duties an employee can perform and still be considered to be engaged in the tip-producing occupation. **Id**. The Court perceives no distinction between the subsection (d) and (e) claims raised on page 2 of plaintiffs' Amended Complaint. They

are interrelated and, as noted above, state a claim upon which relief can be granted.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the motion of defendant for partial judgment on the pleadings be **DENIED**.

## Instructions for Service and Notice of Right to Object

The District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either electronically or by mailing a copy by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), Fed.R.Civ.P., any party who desires to object to this Memorandum and Recommendation must serve and file specific written objections within 14 days after being served with a copy. Such party shall file the objections with the District Clerk and serve the objections on all other parties and the Magistrate Judge. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days after being served with a copy shall bar that party from de novo review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of factual findings and legal conclusions to which the party did not

object, which were accepted and adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED** August 8, 2017.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**JOHN W. PRIMOMO**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**