IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRADLEY ALVERSON, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED; MELODY BRUSH, RYAN CARVER, ALISSA TAPIA, ASEONNIA JOHNSON, DEVAN CHONTOS, STEPHEN OLLER, JOSELINE RIVERA, <br><br> *Plaintiffs*, <br><br> vs. <br><br> BL RESTAURANT OPERATIONS LLC, <br><br> *Defendant*. | 5-16-CV-00849-OLG-RBF |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' Motion for Conditional Certification and Memorandum of Law in Support [#34]. This Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, putative collective action was referred to the undersigned for disposition of all pretrial matters pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.[1] The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). *See, e.g., Esparza v. C&J Energy Servs., Inc.*, No. 5:15-CV-850-DAE, 2016 WL 1737147, at *1 (W.D. Tex. May 2, 2016) (noting conditional certification involves non-dispositive issues).

Having considered the Motion [#34], the Response filed by Defendant BL Restaurant Operations LLC d/b/a Bar Louie (referred to here as "BL") [#36], Plaintiffs' Reply [#38], the relevant law, and the pleadings, the Court **GRANTS IN PART** Plaintiffs' Motion for

---

[1] The case was initially assigned to Magistrate Judge John W. Primomo [#27] but was administratively reassigned to the undersigned's docket upon Judge Primomo's retirement.

1

Conditional Certification [#34]. As discussed more fully below, the Court finds Plaintiffs have shown that conditional certification of a nationwide class comprised of all current or former tipped servers or bartenders employed by BL from August 26, 2013 to the present is warranted for purposes of providing potential class members notice of this lawsuit and an opportunity to opt-in. This order, however, need not be the final word on class certification. Once the opt-in period has expired and discovery is complete or substantially complete, or at some other appropriate time, BL can raise the certification issue again in a motion to decertify.

Plaintiffs and BL are directed to meet and confer regarding the substance of a proposed notice to the potential opt-in plaintiffs and the method of delivery for that notice.

**I.     Background**

Plaintiff Bradley Alverson initiated this action against BL on August 26, 2016. BL is the self-asserted owner of a national chain of restaurants operating under the name "Bar Louie." (*See* Resp. at 3). Alverson later amended his complaint to add Plaintiff Casey Howie. Alverson and Howie are current or former bartenders or servers at BL's restaurants located in San Antonio, Texas and Pittsburg, Pennsylvania.

The Amended Complaint alleges BL violated the FLSA's minimum-wage requirements by improperly claiming the federal "tip credit," which under certain circumstances can permit employers to pay tipped employees less than the statutory minimum hourly wage. *See* 29 U.S.C. § 203(m). More specifically and as pertinent to the conditional-certification issue presented here, Plaintiffs allege BL willfully violated the FLSA and improperly claimed the tip credit by: (1) failing to provide employees with adequate notice of BL's intent to claim the credit (the "notification claim"); (2) requiring tipped employees to perform non-tipped side work unrelated to the tipped profession (the "dual-jobs claim"); and (3) requiring tipped employees to spend

more than 20% of their work time engaged in non-tipped "side work" (the "20% claim"). (*See* Amend. Compl. ¶ 3(c)-(e)).

On June 7, 2017, BL filed a motion for partial judgment on the pleadings, attacking the 20% and dual-jobs claims. It argued the 20% claim fails because it is based solely on nonbinding provisions of the Department of Labor (DOL) Field Operations Handbook, which it says are "infeasible" and unentitled to judicial deference. *See* [#24 at 6-12]; *see also* DOJ Wage and Hour Division, Field Operations Handbook § 30d00(f)(2) & (3) (2016). BL argued the dual-jobs claim fails because the specific non-tipped tasks upon which that claim is based—tasks like sweeping, cleaning bathrooms, washing dishes, cutting fruit, etc.—are not different jobs at all. They are instead, according to BL, directly related and incidental to Plaintiffs' tipped occupations. *See* [#24 at 2, 13-15].

On July 6, 2017, with BL's motion for partial judgment pending, Alverson and Howie filed their motion for conditional certification [#34]. It seeks conditional certification of a national class of all current and former tipped BL employees, including servers, bartenders, and "other tipped employees" employed from August 26, 2013, to the present. Obtaining conditional certification would entitle Alverson and Howie to send notice to other potential plaintiffs, thereby allowing them to opt-in. *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) ("The sole consequence of conditional certification is the sending of court-approved written notice to employees . . . who in turn become parties to a collective action only by filing written consent with the court, § 216(b).") (citation omitted); *see also* Motion at 21 (requesting conditional certification for purposes of providing notice and an opportunity to opt-in to potential class members).

Alverson and Howie attached to their motion declarations from seven different opt-in

plaintiffs, all current or former servers or bartenders employed by BL in four different states—Texas, Ohio, New Jersey, and Massachusetts. All seven allege they were paid less than the full minimum wage. (*See* Exs. 6-13 to Motion ¶ 3). They attest they spent more than 20% of their time performing non tip-producing side work such as cleaning restrooms, cleaning coolers and shelves, washing dishes, polishing brass, dusting, mopping, cutting fruit, and so on; they also allege BL did not separately track this time. (*Id.* ¶¶ 6-12). They further contend that they, along with other BL tipped employees, were all subject to the "same policies and procedures," which presumably includes BL's handbook, attached as Exhibit 1 to the Motion. (*Id.* ¶¶ 14-15). According to BL's written housekeeping policy in the handbook, all BL employees were required to "pick up trash from the bar, tables and floor, keep storage shelves clean and organized" and complete "assigned side work" on a daily basis. (Ex. 1 to Motion at 32). Finally, all attest that BL never explained it was paying them less than the full minimum wage because they were receiving tips or that their tips would be used as a credit against the minimum-wage requirement. (*See* Exs. 6-13 to Motion ¶ 4). Plaintiffs make similar allegations in their Amended Complaint. (*See* Amend. Compl. ¶¶ 25-36).

On August 8, 2017, Magistrate Judge Primomo addressed BL's motion for partial judgment and recommended that it be denied, reasoning that Alverson and Howie's allegations "are plausible on their face and raise a right to relief above the speculative level." ([#39] at 9, 16, 18). In support of that conclusion, he determined that the 20% and dual-job claims are essentially one and the same, (*id*. at 17-18), and noted that "the 20% exception to the tip credit found in [the DOL Handbook] is recognized by various courts." (*Id*. at 15).

BL timely objected to Judge Primomo's memorandum and recommendation [#43]. BL's objections and the underlying motion for partial judgment on the pleadings are still pending before the District Court.

## II.    Analysis

*Legal Standard for Conditional Certification.* The FLSA permits lawsuits against employers on behalf of individual plaintiffs that are current or former employees, or as collective actions on behalf of others who are "similarly situated." *See* 29 U.S.C. §§ 215-16. Establishing through conditional certification that others are "similarly situated" facilitates notice to potential class members and provides them instructions on joining the lawsuit. This notice and opportunity to join are appropriate because, unlike class actions under Federal Rule of Civil Procedure 23, FLSA collective actions proceed on an "opt-in" rather than an "opt-out" basis. *Genesis*, 569 U.S. at 75; *see also Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010); 29 U.S.C. § 216(b). District courts enjoy discretion to decide whether and how to issue notices for potential plaintiffs to opt-in to FLSA collective actions, *see, e.g.*, *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n. 10 (2d Cir. 2010), and to modify proposed classes if, for example, they are overly broad, *see Baldridge v. SBC Commc'ns, Inc.,* 404 F.3d 930, 931-32 (5th Cir. 2005).

The Fifth Circuit has used two approaches to the "similarly situated" question for FLSA collective-actions. *See Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-24 (5th Cir.1995), *overruled in part on other grounds by Desert Palace, Inc. v. Costa,* 539 U.S. 90 (2003). One uses Rule 23, as discussed in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). The other involves a two-stage conditional certification process. *See Lusardi v. Xerox Corp*., 118 F.R.D. 351 (D.N.J. 1987). The parties here embrace this latter two-stage *Lusardi* approach. *See,*

*e.g.*, Resp. at 10-15. Although the Fifth Circuit has not definitively adopted either approach, the majority of lower courts in the circuit use the *Lusardi* approach, and the Court will do so here. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 518-19 (5th Cir. 2010); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Tolentino*, 716 F. Supp. 2d at 646 (collecting cases).

*Lusardi*'s two stages are: (1) the notice stage, and (2) the decertification stage. *See Sandoz*, 553 F.3d at 915 n.2. It is the initial notice-stage inquiry that is at issue here.

"Because the court has minimal evidence" at the notice stage, the notice-stage conditional-certification "determination is made using a fairly lenient standard[] and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214 n. 8. The inquiry is essentially limited to the pleadings and any supporting affidavits. *Hernandez v. Robert Dering Constr., LLC*, 191 F. Supp. 3d 675, 680 (S.D. Tex. 2016). Courts look for whether aggrieved individuals are similarly situated "in relevant respects given the claims and defenses asserted," which typically "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Mooney*, 54 F.3d at 1214 & n.8 (internal quotation marks omitted); *Tolentino*, 716 F. Supp. 2d at 647. Plaintiffs seeking conditional certification must also show "there is a reasonable basis for crediting the assertion that aggrieved individuals exist" and "those individuals want to opt in to the lawsuit." *Tolentino*, 716 F. Supp. 2d at 647.

*Heightened Review*. Before turning to the merits, it is first necessary to address BL's argument that a heightened "intermediate" evidentiary showing is required here because this case was pending for almost a year before Plaintiffs filed their certification motion and by that time

some discovery had occurred. (*See* Resp. at 12). This argument is unpersuasive because substantial discovery has not yet occurred.

"The applicable evidentiary standard [for a motion for conditional certification] is relative to the quantity of evidence before the court, not simply the amount of time that has elapsed since the case was filed." *Franklin v. HCA Mgmt. Servs., L.P.*, No. 3:15-CV-3194-L-BK, 2016 WL 7744407, at *3 (N.D. Tex. Dec. 19, 2016), report and recommendation adopted, 2017 WL 149984 (N.D. Tex. Jan. 13, 2017); *see also McCarragher v. Ryland Grp., Inc.*, No. CIV.A. 3-11-55, 2012 WL 4857575, at *4 (S.D. Tex. Oct. 11, 2012). A heightened standard might apply if *substantial* discovery had been conducted and the Court had significant evidence available to aid its inquiry. *See, e.g., Nieddu v. Lifetime Fitness, Inc.*, 977 F. Supp. 2d 986, 692 (S.D. Tex. 2013) (intermediate standard used where multiple depositions were taken and excerpts from them along with other written discovery were attached to the motion); *Blake v. Hewlett-Packard Co.*, No. 4-11-cv-592, 2013 WL 3753965, at *5 (S.D. Tex. 2013) (similar reasoning).

Here, only limited discovery occurred before Alverson and Howie filed their motion. In their Reply, Alverson and Howie explain that they had "only propounded 2 interrogatories and 4 requests for production" at the time they sought conditional certification. (Reply at 3 n.1). Moreover, there is no deposition testimony at all before the Court. The lack of any deposition testimony where multiple depositions are anticipated strongly indicates, in the view of the undersigned, that insufficient discovery has been conducted to justify applying an intermediate evidentiary standard. *Cf. Basco v. Wal-Mart Stores, Inc.*, No. Civ.A 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004) (applying intermediate standard because "the Court has heard the video depositions testimony of a substantial number of plaintiffs," "has independently reviewed written testimony," and the case has "a long procedural history"); *Morisky v. Pub. Serv. Elc. &*

*Gas Co.*, 111 F.Supp.2d 493, 497-98 (D.N.J. 2000) (applying intermediate standard where discovery was complete by the time motion to conditionally certify was filed). It is also unclear from Defendants' briefing how applying an intermediate standard would affect the analysis or outcome here, which further counsels against adopting it. *See Casanova v. Gold's Tex. Holdings Grp., Inc.*, No. 5:13–CV–1161, 2014 WL 6606573, at *5 (W.D. Tex. Nov. 19, 2014) (noting that "Courts have not reached a consensus on what is required under this [intermediate] standard"); Resp. at 12 ("Plaintiffs' Motion should be denied regardless of the level of scrutiny the Court decides to apply.").

*Conditional Certification*. Proceeding to the merits of conditional certification, Plaintiffs have satisfied the "modest factual showing" required to show that they and other potential plaintiffs are "similarly situated." *Vargas v. HEB Grocery Co., LP*, No. SA-12-CV-116-XR, 2012 WL 4098996, at *2 (W.D. Tex. Sept. 17, 2012); *see also Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009). In a wage and hour case, like this one, the proposed class must be "similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Mathis v. Stuart Petroleum Testers, Inc.*, No. 5:16-CV-094-RP, 2016 WL 4533271, at *2 (W.D. Tex. Aug. 29, 2016) (citing *Pedigo*, 666 F. Supp. 2d at 698). Plaintiffs have shown as much here.

Plaintiffs have submitted sworn statements indicating that BL subjected them to the same policies and procedures that failed to appropriately notify Plaintiffs of the requirements of § 203(m) and that required servers and bartenders to perform side work more than 20% of the time. (*See* Exs. 6-13 to Motion ¶¶ 4-12, 14-15). Plaintiffs have also submitted evidence that BL paid its servers and bartenders similarly through use of the tip credit and assigned them similar side-work duties. (*Id.* ¶¶ 3, 6-11; *see also* Exs. 1-4 to Motion). This is sufficient to show for

conditional-certification purposes that Plaintiffs and putative class members "performed the same basic tasks as part of their employment and were subject to the same pay decisions, policies, or practices." *Mathis,* 2016 WL 4533271, at *2 (citing *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex. 2011)). Accordingly, the Court finds Plaintiffs have made the "modest factual showing" required for conditional certification, at least as to current or former servers and bartenders employed by BL. *See, e.g.*, *Yair Granados v. Hinojosa,* 219 F. Supp. 3d 582, 585 (W.D. Tex. 2016) (conditionally certifying class of bartenders and barbacks via allegations of a uniform compensation policy supported by corroborating declarations).

Arguing that it provides adequate § 203(m) notice, BL invokes its employee handbook, the DOL Minimum Wage Poster it says provides "Notice and Acknowledgement of [the] Pay Rate" applicable to each employee, employee pay stubs, and its assurances that it provides adequate notice verbally during the interview and onboarding process. (*See* Resp. at 15). It also argues its tip-credit notification policy was at all relevant times "fully FLSA-compliant." These arguments are unavailing under the applicable lenient standard because Plaintiffs' allegations and supporting sworn declarations, fairly construed, claim not only a lack of any notice of the tip credit but also that whatever notice BL gave them was insufficient. (*See* Amend. Compl. ¶ 25 (alleging a failure to receive "statutorily required" notice); Exs. 6-13 to Motion ¶¶ 4-5). It is also unclear whether BL's notification policy, even if followed, would have been compliant with amended rule 29 C.F.R. § 531.59(b). *See, e.g., Howard v. Second Chance Jai Alai LLC,* No. 5:15-CV-200-OC-PRL, 2016 WL 3883188, at *2 (M.D. Fla. July 18, 2016) (discussing the "five distinct disclosure requirements" of the amended final rule). More information is needed to make any such determination. Moreover, whether or not BL's notification policy and practices complied with the FLSA and whether or not BL followed its formal policy in practice are not

appropriate issues to resolve now at this initial stage of the certification inquiry:

> [BL] effectively asks the court to analyze the underlying merits of plaintiffs' claim—by weighing conflicting evidence, resolving disputed issues of fact, and determining whether the policy was lawful. It is improper for the court to make such a determination at the notice stage. . . . Although [BL] has adduced evidence that supports its theory, it would be improper at the notice stage, and before plaintiffs have conducted significant discovery, for the court to engage in a merits determination that would require the court to weigh conflicting evidence and resolve these disputed fact issues. At this stage, plaintiffs are merely required to provide substantial *allegations* that the potential class members were subject to a single decision, policy, or plan that violated the FLSA, which they have done.

*Behnken v. Luminant* Min. Co., LLC, 997 F. Supp. 2d 511, 519 (N.D. Tex. 2014) (emphasis in original). Plaintiffs allege, with supporting affidavits, that they were subject to a common policy or practice under which they did not receive compliant notice; that is enough at this stage. *See id.*; *Lay v. Gold's Gym Int'l, Inc.,* No. SA-12-cv-754-DAE, 2013 5595956, at *4 (W.D. Tex. Oc. 4, 2013) ("An employer's formal, written policies . . . are insufficient to defeat conditional certification where employees show that the employer instituted a common or uniform practice . . . to not follow its formal, written policy.").

*"Other Tipped Employees."* Alverson and Howie have failed to show that the amorphous, undefined category of "other tipped employees" is comprised of members similarly situated to them. In fact, Alverson and Howie have not identified which other BL employees might fall into this category. The Court declines to expand the class to include "other tipped employees" not employed either as servers or bartenders.

*National Scope of the Conditionally Certified Class.* Conditional certification of a class (of servers and bartenders) with national reach is appropriate because "there is a reasonable basis to conclude that the same policy applies to multiple locations of a single company." *Rueda v. Tecon Servs., Inc.*, No. CIV.A. H-10-4937, 2011 WL 2566072, at *4 (S.D. Tex. Jun. 28, 2011). "[D]ifferent [BL] locations are implicated" by the allegations, and Alverson and Howie carry

their burden at this stage by "submit[ting] affidavits from other employees alleging that they worked at different locations and were subject to a similar [unlawful] policy." *Blake*, 2013 WL 3753965, at *12 (internal quotation marks omitted). Plaintiffs submitted declarations from seven current or former BL employees who worked at BL restaurants across four different states. (*See* Exs. 6-13 to Motion ¶ 2). All attest they were subject to the same corporate policy or practice. (*Id*. ¶¶ 4-13). Plaintiffs also attest that BL maintains a policy in which employees are permitted to travel and work at different BL locations nationwide, and that pursuant to this policy they have worked at other locations with other tipped employees throughout the United States. (*Id.* ¶¶ 14-16). This warrants conditional certification on a national scale. *See Rueda*, 2011 WL 2566072, at *4; *see also Blake*, 2013 WL 3753965, at *6.

*No Need to Stay the Conditional-Certification Determination.* The Court is not persuaded that a stay of the conditional-certification determination is warranted, pending a ruling on BL's objections to the memorandum and recommendation on BL's Motion for Partial Judgment on the Pleadings. At least three considerations support this conclusion.

First, Alverson and Howie seek conditional certification with respect to three claims, including their notification claim. The pending motion for partial judgment addresses only two claims, the 20% claim and the dual-jobs claim. Even if the motion for partial judgment were granted, conditional certification would still apply to the notification claim.

Second, the status of the 20% and dual-jobs claims is uncertain and could remain so for quite some time. The Fifth Circuit has not yet addressed whether claims based on statements in the DOL's handbook purporting to interpret the DOL's regulation can give rise to FLSA liability. It appears the only circuit courts to address the issue are split. *Compare Fast v. Applebee's Int'l, Inc*., 638 F.3d 872, 875 (8th Cir. 2011) (applying *Auer* deference to the DOL's

handbook interpretation of its dual job regulation) *with Marsh v. J. Alexander's*, 869 F.3d 1108, 1124 (9th Cir. 2017) (no deference to DOL's handbook because it was found inconsistent with the regulation and constituted a "de facto new regulation" masquerading as an interpretation).[2]

Third, a delay in resolving Plaintiffs' motion for conditional certification threatens unfair prejudice to potential plaintiffs who might desire to opt-in to this action. This is because the statute of limitations in FLSA actions ordinarily continues to run against potential collective action members until they affirmatively opt-in to the litigation. *See* 29 U.S.C. § 256(b). At the same time, BL does not appear to face much, if any, prejudice should the Court conditionally certify this action, even if the District Court were later to dismiss Plaintiffs' 20% and dual-jobs claims. BL might even benefit if the 20% and dual-jobs claims of plaintiffs who have opted in are dismissed pursuant to any such District Court order.

Accordingly, the Court finds that the circumstances of this case do not merit delaying the Court's conditional certification determination.

*Others Aggrieved Who Would Like to Join the Lawsuit.* There is a reasonable basis for crediting Plaintiffs' contention that aggrieved individuals exist and want to opt-in to the lawsuit, which satisfies the final of the remaining requirements for conditional certification. *Tolentino*, 716 F. Supp. 2d at 647. Since the filing of this lawsuit in August 2016, one named Plaintiff, Casey Howie, joined this action and seven opt-in Plaintiffs have consented to join [#4, #13, #17, #23, #26]. Plaintiffs have met their burden of showing other allegedly aggrieved individuals to opt-in to this suit.

---

[2] It bears mentioning that Judge Primomo recommended denying BL's motion for partial judgment on the pleadings without the benefit of the *Marsh* opinion, which the Ninth Circuit decided a month after Judge Primomo's recommendation.

*Meet and Confer on the Notice and Its Method of Delivery.* The next step is for the parties to meet and confer. BL requests that the Court order the parties to confer regarding the content and form of a notice to potential plaintiffs, and Plaintiffs consent to this approach. (*See* Response at 22 & Reply at 10). Therefore, the parties are ordered to meet and confer, within 21 days from the date of this order, to address issues related to notice (including such issues as the information BL must produce to Plaintiffs,[3] the contents of the notice, how it should be disseminated, the timing of the notice and the opt-in period, and the method for opting-in to this litigation). If the parties successfully reach agreement on these issues, they should jointly notify the Court. If there is partial agreement, the parties should jointly notify the Court and in their joint advisory spell out their respective disputed positions.

*Order Limiting BL Communications.* Finally, Plaintiffs request an order prohibiting BL from communicating during the opt-in period with any current or former tipped employee (whether or not they have opted-in to this litigation) about matters related to this litigation. Plaintiffs do not articulate a reason why such a limitation should apply to BL's communications with those who have not yet opted-in to this suit.

In the Rule 23 context, a court may not limit communications between parties and potential class members "without a specific record showing by the moving party of the particular abuses by which it is threatened." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). "[T]he mere possibility of abuses does not justify routine adoption of a communications ban." *Id.* at 104.

---

[3] Plaintiffs should be advised that due to privacy and security concerns, the Court is unlikely to order BL to disclose the full social security number for each member of the putative class, particularly if Plaintiffs will have other means (such as email addresses and telephone numbers) to contact putative class members and in instances where notices have not been returned as undeliverable. *See White v. Integrated Elec. Techs., Inc.*, No. 12-359, 2013 WL 2903070, at *10 (E.D. La. June 13, 2013) (refusing to require the defendant to disclose even the last four digits of the putative class members' social security numbers where plaintiffs had a "wealth of other information," including e-mail addresses, to contact these individuals).

District courts in this circuit have applied *Gulf Oil* to the collective-action context and refused to restrict a defendant's communications with putative class members, absent a showing of particular need for the limitation. *E.g., Garcia v. TWC Admin., LLC*, No. SA:14-CV-985-DAE, 2015 WL 1737932, at *3 (W.D. Tex. Apr. 16, 2015); *Mak v. Oska Japanese Rest., Inc.*, No. CV H-12-3409, 2013 WL 12155015, at *2 (S.D. Tex. Sept. 16, 2013), report and recommendation adopted sub nom. 2013 WL 12155016 (S.D. Tex. Dec. 10, 2013); *but cf. Pacheco v. Aldeeb*, 127 F. Supp. 3d 694, 698 (W.D. Tex. 2015) (restricting defendant's communications with potential class members where there was "ample evidence" that defendants improperly discouraged their employees from joining the litigation and attempted to use their influence as employers to force plaintiffs to drop their claims). Because Plaintiffs have not shown a particular need for a communications ban, their request is denied.

### III.   Conclusion

For the reasons discussed above, the Court now enters the following orders:

**IT IS ORDERED** that Plaintiffs' Motion for Conditional Certification [#34] is **GRANTED IN PART** as follows:

1. The Court hereby conditionally certifies a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216. It will be comprised of all current and former tipped servers or bartenders employed by BL from August 26, 2013 to the present, who did not receive the full minimum wage and who (1) did not receive notice of the tip credit as required by 29 U.S.C. § 203(m); (2) performed non-tip producing side work more than 20% of the time; or (3) were engaged in dual jobs.

2. Within **twenty-one (21) days** from the date of this Order, the parties are required to meet and confer regarding the issue of notice. If the parties reach an agreement, they

should notify the Court and jointly submit to the Court for approval their proposed notice. If there are portions of the notice or other related issues on which the parties do not agree, they should submit their respective positions in a joint advisory to the Court for resolution.

**IT IS FINALLY ORDERED** that any relief requested not expressly granted herein is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 15th day of November, 2017.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE