IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRADLEY ALVERSON, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED *ET AL.*, | § § § § § | 5-16-CV-00849-OLG-RBF |
| *Plaintiffs*, | § § § | |
| vs. | § § | |
| BL RESTAURANT OPERATIONS LLC, | § § § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable Chief United States District Judge Orlando Garcia:**

This Report and Recommendation concerns the Motion to Certify Order for Interlocutory Appeal and to Stay All Proceedings filed by Defendant BL Restaurant Operations LLC d/b/a Bar Louie. *See* Dkt. No. 60. This Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*., putative collective action was referred to the undersigned for disposition of all pretrial matters pursuant to Rules CV-72 and Appendix C to the Local Rules for the United States District Court for the Western District of Texas. The undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons discussed below, BL's Motion to Certify Order for Interlocutory Appeal and to Stay All Proceedings, Dkt. No. 60, should be **DENIED**. BL has failed to show that an immediate appeal is warranted under § 1292(b), and it can appeal after entry of final judgment. In light of this recommendation and the undersigned's concern that this case has been at a virtual standstill since conditional certification was granted over four months ago, the undersigned will **DENY** BL's request for a stay. *See, e.g.*, *Sweet Lake Land & Oil Co., LLC v. Exxon Mobil Corp*.,

1

No. 2:09-CV-01100, 2011 WL 6300343, at *6 (W.D. La. Dec. 16, 2011) (finding that the imposition of a stay is within a federal magistrate judge's § 636(b)(1)(A) authority). Accordingly, the undersigned will issue an amended scheduling order to govern the remainder of this action.

## I. Factual and Procedural Background

On August 26, 2016, Plaintiff Bradley Alverson initiated this action against Defendant BL on behalf of himself and all others similarly situated. Plaintiffs allege that BL violated the FLSA's minimum-wage requirements and improperly claimed the federal "tip credit" by: (1) requiring that its bartenders participate in an improper tip-pooling arrangement; (2) deducting more than the actual credit card fees associated with liquidated credit card tips; (3) failing to provide employees with adequate notice of BL's intent to claim the tip credit (the "notification claim"); (4) requiring tipped employees to perform non-tipped side work unrelated to the tipped profession (the "dual-jobs claim"); and (5) requiring tipped employees to spend more than 20% of their work time engaged in non-tipped "side work" (the "20% claim"). *See* Amend. Compl. ¶ 3(a)-(e).

On June 7, 2017, BL filed a motion for partial judgment on the pleadings, attacking the 20% and dual-jobs claims. It argued that the 20% claim fails because it is based solely on nonbinding provisions of the Department of Labor (DOL) Field Operations Handbook, which it says are "infeasible" and should not receive deference. *See* Dkt. No. 24 at 6-1; *see also* DOJ Wage and Hour Division, Field Operations Handbook § 30d00(f)(2) & (3) (2016). BL argued the dual-jobs claim fails because the specific non-tipped tasks upon which the claim is based—tasks like sweeping, cleaning bathrooms, washing dishes, cutting fruit, etc.—are not different jobs at all. They are, according to BL, instead directly related and incidental to Plaintiffs' tipped occupations. *See* Dkt. No. 24 at 2, 13-15.

On July 6, 2017, with BL's motion for partial judgment pending, Plaintiffs filed their motion for conditional certification. *See* Dkt. No. 34. Plaintiffs sought conditional certification of a national class of all current and former tipped BL employees who were employed from August 26, 2013 to the present, including servers, bartenders, and "other tipped employees." In support of their motion, Plaintiffs argued that as a result of BL's "uniform compensation policies, timekeeping practices, and aggressive attempts to reduce labor costs, all tipped employees are: (1) not properly notified of the FLSA tip credit; (2) required to perform a substantial amount of non-tip producing side work while being paid less than the full minimum wage; and (3) engaged in a dual job as a result of performing non-tip producing side work unrelated to the tipped profession." *Id.* at 1.

On August 8, 2017, Magistrate Judge Primomo addressed BL's motion for partial judgment and recommended that it be denied, reasoning that Plaintiffs' allegations "are plausible on their face and raise a right to relief above the speculative level." *See* Dkt. No. 39 at 9, 16, 18. Specifically, Judge Primomo determined that the 20% and dual-job claims are essentially one and the same, *id.* at 17-18, and noted that "the 20% exception to the tip credit found in [the DOL handbook] is recognized by various courts." *Id.* at 15. In support of his conclusion, Judge Primomo referred to the Eighth Circuit's decision in *Fast v. Applebee's Intl, Inc.*, 638 F.3d 872, 879 (8th Cir. 2011), where the court afforded *Auer* deference to the DOL handbook's interpretation of the DOL dual-job regulation, and decisions from several other district and circuit courts that followed that same reasoning. *Id.* at 7-15. BL timely objected to Judge Primomo's memorandum and recommendation. *See* Dkt. No. 43. Nearly one month after Judge Primomo issued his recommendation, a Ninth Circuit 3-judge panel ruled that the DOL handbook's interpretation did not merit deference because it was inconsistent with the regulation and constituted "de facto a new regulation" masquerading as an interpretation. *See Marsh v. J.*

*Alexander's LLC*, 869 F.3d 1108, 1123 (9th Cir. 2017). BL subsequently filed a Notice of Supplemental Authority, arguing that "[t]he *Marsh* opinion is on all fours with the facts before the Court" and re-urging its motion and objections. *See* Dkt. No. 46.

On November 15, 2018, while BL's objections to Judge Primomo's memorandum and recommendation were still pending, the undersigned issued a memorandum and opinion, conditionally certifying a collective action consisting of "all current and former tipped servers or bartenders employed by BL from August 26, 2013 to the present, who did not receive the full minimum wage and who (1) did not receive notice of the tip credit as required by 29 U.S.C. § 203(m); (2) performed non-tip producing side work more than 20% of the time; or (3) were engaged in dual jobs." Dkt. No. 50. In conditionally certifying this collective action, the undersigned rejected BL's request to stay the conditional-certification determination pending a ruling on BL's objections. The following three reasons supported that ruling: (1) "[e]ven if the motion for partial judgment were granted, conditional certification would still apply to the notification claim"; (2) "the status of the 20% and dual-jobs claims is uncertain and could remain so for quite some time" in light of the split in authorities; and (3) "a delay in resolving Plaintiffs' motion for conditional certification threatens unfair prejudice to potential plaintiffs who might desire to opt-in to this action . . . because the statute of limitations in FLSA actions ordinarily continues to run against potential collective action members until they affirmatively opt-in to the litigation." *Id.* at 11-12.

The undersigned then ordered the parties to meet and confer regarding the substance of a proposed notice and the method of its delivery, and further ordered the parties to submit a proposed notice for Court approval. *Id.* at 13. BL meanwhile challenged the Certification Order in the District Court, as it is entitled to do. *See* Dkt. No. 51. This effectively stayed the issue of approval and distribution of notice, although the District Court ordered the parties to meet and

confer on the issues related to notice while BL's appeal was pending. *See* Dkt. No. 52. The parties conferred and then submitted to the Court several issues regarding the form of notice and its dissemination for the undersigned to resolve once the District Court ruled on the Certification Order appeal. *See* Dkt. No. 54.

On February 22, 2018, the District Court adopted Judge Primomo's memorandum and recommendation regarding the viability of Plaintiffs' 20% and dual-job claims. *See* Dkt. No. 57. In that order, the District Court rejected BL's reliance on the Ninth Circuit's *Marsh* decision, noting that *Marsh* "was a 2-1 decision and the Ninth Circuit has granted rehearing en banc." *Id.* (citing *Marsh v. J. Alexander's LLC*, 882 F.3d 777, 778 (Feb. 16, 2018)). The District Court then explained that "[i]n the absence of controlling Fifth Circuit authority, the Eighth Circuit holding in *Fast v. Applebee's Intern., Inc.*, 638 F.3d 872, 878 (8th Cir. 2011), is persuasive, and numerous other federal courts have followed the same logic." *Id.* (citing *Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1284 (10th Cir. 2017); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014); *Plewinski v. Luby's Inc.*, No. H–07–3529, 2010 WL 1610121, at *5 (S.D. Tex. Apr. 21, 2010); *Flood v. Carlson Rests., Inc.*, 94 F. Supp. 3d 572, 584 (S.D.N.Y. 2015)).

On February 26, 2018, the District Court denied BL's appeal of the undersigned's Certification Order. *See* Dkt. No. 58. Accordingly, on March 12, 2018, the undersigned issued an order approving the dissemination of notice-and-consent forms in this action, and ordered the parties to confer and jointly submit scheduling recommendations to govern the remainder of this action. *See* Dkt. No. 59. Four days later, BL filed the instant Motion to Certify the District Court's February 22, 2018 Order for Interlocutory Appeal and to Stay All Proceedings pending the Fifth Circuit's ruling on any interlocutory appeal, *see* Dkt. No. 60. The parties then timely

filed their joint scheduling recommendations, subject to a ruling on BL's request for an interlocutory appeal. *See* Dkt. No. 62.

## II. Legal Standards

"The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals." *Clark-Dietz & Assos.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Section 1292(b), which BL invokes here, serves as a "narrow exception to the final judgment rule," permitting a district court, in its discretion, to certify an order "not otherwise appealable . . . [if the court is] of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Releford v. City of Houston*, No. 4:14-CV-02810, 2016 WL 7051662, at *2 (S.D. Tex. Dec. 5, 2016); *see also Clark-Dietz*, 702 F.2d at 69 (describing § 1292(b) appeals as "exceptional"). The initial decision to permit such an appeal is left to the district court's sound discretion. *Ryan v. Flowserve Corp. et al.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (citing *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 405 n. 9 (2004)).

For a district court to certify a question for interlocutory appeal, the moving party must satisfy three requirements, as set forth in the statute. First, the issue for appeal must involve a "controlling question of law." 28 U.S.C. § 1292(b). Courts, however, have taken somewhat inconsistent positions on means for a question of law to be "controlling." "At one end of the continuum, courts have found issues to be controlling 'if reversal of the district court's opinion would result in dismissal of the action.'" *Ryan*, 444 F. Supp. 2d. at 723 (quoting *Strougo v. Scudder, Stevens & Clark, Inc.*, No. 96 CIV. 2136(RWS), 1997 WL 473566, at *7 (S.D.N.Y. Aug. 18, 1997) and citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)).

At the other end of the spectrum, "an issue is not seen as controlling if its resolution on appeal 'would have little or no effect on subsequent proceedings.'" *Id.* (quoting John C. Nagel, Note, *Replacing the Crazy Quilt of Interlocutory Appeals Jurisprudence with Discretionary Review*, 44 Duke L.J. 200, 212 (1994) and 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 at 432 (2d ed. 19996)). Between these extremes, some courts have labeled an issue of law as "controlling" where "the certified issue has precedential value for a large number of cases." *Id.* (quoting *Strougo*, 1997 WL 473566, at *7); *see also In re Delta Produce*, No. BR 12-50073-A998, 2013 WL 3305537, at *2 (W.D. Tex. Jun. 28, 2013). Ultimately, however, "[w]hether an issue of law is controlling generally hinges upon its potential to have some impact on the course of the litigation." *Id*. Accordingly, courts have found the term "closely tied" to § 1292(b)'s third requirement that "the appeal will materially advance the ultimate termination of the litigation." *Id.* (quoting Wright & Miller, *supra* § 3930 at 432 and citing Nagel, *supra*, at 212).

Second, § 1292(b) requires a "substantial ground for difference of opinion" on the issue for appeal. Courts have found substantial ground for difference of opinion where:

> a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.

*Id.* at 724 (quoting 4 Am.Jur.2d Appellate Review § 128 (2005)). "But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Id.* "Nor does a party's claim that a district court has ruled incorrectly demonstrate a substantial disagreement." *Id.* (quoting *Wausau Bus. Ins. Co. v. Turner Constr. Co*., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). Accordingly,

"[i]n the end, 'substantial' means just that—significantly great." *Id.* (citing Merriam-Webster's Collegiate Dictionary 1174 (10th ed. 1998)).

Third, § 1292(b) requires that permitting an interlocutory appeal "may materially advance the ultimate termination of the litigation." This requirement addresses the "institutional efficiency of the federal court system" and therefore concerns whether permitting the requested relief will "speed up the litigation" "by accelerating or . . . simplifying trial court proceedings." *Id.* (collecting authorities) (quotation marks omitted).

Where a district court certifies a case in writing for an interlocutory appeal, the court of appeals has jurisdiction over the appeal, and may then, "in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order." 28 U.S.C. § 1292(b). An application for appeal, however, does not operate to stay proceedings in the district court; a district judge or the Court of Appeals must specifically order a stay. *See id.*

**III.   Analysis**

BL requests that the District Court certify the following question for interlocutory appeal: "Whether the Department of Labor's ("DOL") Field Operations Handbook ("Handbook") creating the 20% Rule is entitled to deference." Dkt. No. 60 at 1. Plaintiffs oppose the request, arguing that BL fails to meet its burden for certification, and further urging that the "request is nothing more than an attempt to further delay the inevitable issuance of 29 U.S.C. 216(b) notice and the prosecution of this action." Dkt. No. 61 at 1. The undersigned recommends that an immediate appeal on BL's issue is not warranted in this case and finds that a stay is inappropriate at this time.

*BL's Request for Interlocutory Appeal*. The starting point for the undersigned is the baseline rule that BL may appeal following the entry of final judgment. The heart of the § 1292(b) issue presented, as the undersigned sees it, is determining whether and why there

ought to be an appeal on BL's issue *now*. As the above-discussed legal standards reflect, courts appear somewhat inconsistent in how they answer questions on permissive interlocutory appeals because, again in the view of the undersigned, weighing the § 1292(b) considerations can vary with the facts and circumstances of a given case. Ultimately, § 1292(b) involves a discretionary call by a district court about whether a relatively discrete, important, and usually case-dispositive issue is presented for appeal such that permitting an out-of-the-ordinary immediate appeal is better and more efficient overall, not just for the party requesting the appeal. In this case, the efficiencies promised by the requested interlocutory appeal are not significant enough, in the view of the undersigned, to warrant further delaying this case for an immediate appeal or otherwise pulling it off the generally applicable litigation track where orders can be appealed after final judgment.

This much-delayed case involves a number of somewhat overlapping claims, some of which would need to proceed through discovery (and presumably trial) for a conditionally certified class of plaintiffs, regardless of the outcome of BL's requested interlocutory appeal. Plaintiffs allege that BL willfully violated the FLSA and improperly claimed the tip credit on five different grounds. Only two of those grounds are the subject of the District Judge's February 22, 2018 Order, which addresses the viability of Plaintiffs 20% and dual-job claims. In addition to putative plaintiffs with 20% and dual-job claims, this collective action also includes those persons who did not receive notice of the tip credit as required by 29 U.S.C. § 203(m). *See* Dkt. No. 50. BL does not dispute that these other claims are pending and would not be affected by its requested interlocutory appeal. BL fails to explain adequately how a ruling on appeal on the discrete certified issue would sufficiently expedite the resolution of the case as a whole. *See Ryan*, 44 F. Supp. 2d at 723 (recognizing that a "key concern consistently underlying § 1292(b) decisions is whether permitting an interlocutory appeal will 'speed up the litigation'").

Moreover, to the extent there is a lack of clear consensus on BL's DOL-deference issue, the best course would be to wait and give the Fifth Circuit the benefit of a ruling by the en banc Ninth Circuit, which currently has the issue pending before it. In short, there is no sufficiently compelling need to rush this issue up to the Fifth Circuit.

To put these concerns in terms of the § 1292(b) requirements, it is unclear here whether BL raises a sufficiently controlling question of law to justify the out-of-the-ordinary treatment requested. It is also unclear whether the requested appeal would materially advance the litigation's resolution. Accordingly, an interlocutory appeal is not recommended.

On the issue of a controlling question of law, BL argues that the issue to be certified is controlling because it will likely have "precedential value for a large number of cases." Dkt. No. 60 at 7-8. But this is true for every potentially precedential interlocutory order, the vast majority of which must await a final judgment before there is an appeal. Perhaps for some district courts the mere precedential nature of an order might be sufficient under a given set of circumstances to warrant an exercise of discretion to grant certification. *See, e.g.*, *Strougo*, No. 96 CIV. 2136(RWS), 1997 WL 473566, at *7 (S.D.N.Y. Aug.18, 1997); *In re Delta Produce*, 2013 WL 3305537, at *2. But where, as here, an issue proposed for interlocutory appeal promises some precedential impact but also would not sufficiently advance the resolution of the underlying litigation, there is less reason for an immediate appeal. *See, e.g.*, *Ryan*, 444 F. Supp. 2d at 723 (explaining that "a *controlling* question of law—although not consistently defined—at the very least means a question of law the resolution of which could materially advance the ultimate termination of the litigation—thereby saving time and expense for the court and the litigants") (emphasis in original).

Returning to the §1292(b) considerations, the undersigned is also not convinced that a sufficiently substantial ground for difference of opinion is presented here. The *Marsh* litigation is

10

now before the en banc Ninth Circuit. Typically, a decision to review a panel ruling en banc—a very rare event, it bears noting—immediately vacates the underlying panel opinion. *See* Eric J. Magnuson and David F. Herr, Federal Appeals Jurisdiction and Practice § 14:10 (2018 ed.) ("Unless and only to the extent the order granting rehearing en banc expressly provides otherwise, the grant vacates the panel opinion and renders it of no precedential value."); *see also Marsh*, 882 F.3d at 778 (explaining that "[t]he three-judge panel disposition in these cases shall not be cited as precedent by or to any court of the Ninth Circuit."). It also bears mentioning that a three-judge Fifth Circuit panel comprised of Judges Smith, Southwick, and Graves in a per curiam, albeit unpublished, decision favorably cited the Eight Circuit's decision in *Fast*. *See Roussell v. Brinker Int'l, Inc*. 441 F. App'x 222, 232 (5th Cir. 2011) (per curiam). At the very least, the Ninth Circuit's decision to grant en banc review counsels strongly in favor of waiting for a decision from that court before presenting the issue to a Fifth Circuit panel. In the view of the undersigned, this consideration alone likely would justify denying the requested interlocutory appeal in these circumstances.

All of this is not to say that a challenge to the viability of Plaintiffs' 20% and dual-job claims could not prevail before the Fifth Circuit on appeal. BL, however, fails to sufficiently articulate why this case is so exceptional that an *immediate* appeal on this issue is warranted. BL may appeal the District Court's order after final judgment. It seems to the undersigned that many of BL's concerns in its request for certification of an interlocutory appeal take issue with the propriety of proceeding as a collective action, which could be addressed much sooner than after final judgment by a motion to decertify.

*BL's Request for a Stay Pending the Appeal*. Given that the undersigned does not recommend authorizing an interlocutory appeal, BL's request for a stay pending appeal will be

denied at this time. If BL objects to the undersigned's recommendation regarding an interlocutory appeal, BL can re-urge its stay request as part of that challenge.

Matters in this case ought to begin moving forward again. This case was conditionally certified as a collective action in November 2017. More than four months later, notice to the putative class, which is the "sole consequence of conditional certification," *see Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013), has yet to issue. Until Plaintiffs opt-in to this litigation, the statute of limitations will continue to run against potential collective action members. *See* 29 U.S.C. § 256(b). There is also no reason why discovery should not commence in a case that has been pending for over a year and a half.

### IV.   Conclusion

For the reasons discussed above, the undersigned recommends that BL's Motion to Certify Order for Interlocutory Appeal and to Stay All Proceedings, Dkt. No. 60, be **DENIED**. BL's request for a stay is also **DENIED.** The undersigned will issue an amended scheduling order to govern the remainder of this action, and particularly to address issues related to notice. BL may renew its request for a stay should it choose to file objections to this recommendation.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or

recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 3rd day of April, 2018.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE