IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRADLEY ALVERSON, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED *ET AL.*<br><br>   *Plaintiffs*,<br><br>vs.<br><br>BL RESTAURANT OPERATIONS LLC,<br><br>   *Defendant*. | 5-16-CV-00849-OLG-RBF |

## **ORDER**

Before the Court is the Joint Motion for Discovery Control Plan, Dkt. No. 123, filed by Plaintiffs Bradley Alverson and Casey Howie and Defendant BL Restaurant Operations LLC. This case was assigned to the undersigned for disposition of all pre-trial matters, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 27.[1] The Court has federal question jurisdiction over this collective action filed pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).

On August 13, 2018, the undersigned held a hearing on the Motion and all parties appeared through counsel of record. After considering the arguments made by the parties in the Motion, the August 20, 2018 joint advisory, Dkt. No. 125, and at the hearing, the Court **GRANTED** the Motion, Dkt. No. 123, and ordered phase I representative discovery to be conducted as follows:

---

[1] This case was initially referred to U.S. Magistrate Judge John W. Primomo but was administratively reassigned to the undersigned on Judge Primomo's retirement.

1

1) *Individuals Subject to Discovery; Number of Discovery Requests*

   - In addition to discovery directed to the two named Plaintiffs, Alverson and Howie, Defendant may proceed with representative written discovery on 170 opt-in Plaintiffs to be identified by Defendant. Defendant shall be limited to serving 8 interrogatories on these opt-in Plaintiffs. The interrogatories should be written in "plain English." Plaintiffs will be similarly limited in obtaining discovery only regarding these 170 opt-in Plaintiffs.

   - In addition to deposing Alverson and Howie, Defendant may depose 26 of the above-referenced 170 opt-in Plaintiffs and may choose which of those opt-in Plaintiffs to depose.

   - Plaintiffs may depose one manager from each location at which the opt-in Plaintiffs who are subject to oral discovery are (or were) employed.

2) *Order and Time Limits of Depositions*.

   - Defendants shall be entitled to depose Plaintiffs Alverson and Howie first. Plaintiffs shall then be entitled to depose Defendant's Rule 30(b)(6) representative(s). *See* Fed. R. Civ. P. 30(d)(1).

   - Following the depositions of the named Plaintiffs and Defendant's Rule 30(b)(6) representative(s), the parties may depose the above-referenced opt-in Plaintiffs and managers. These depositions should be grouped by location or in another similarly efficient manner. The depositions of Defendant's managers and the opt-in Plaintiffs shall be limited to 2 hours each.

3) *Consequences for Failure to Respond to Discovery*. Should any opt-in Plaintiff fail to respond to Defendant's requests for oral or written discovery, Defendant shall choose another individual to substitute for discovery purposes. To the extent Defendant requests affirmative relief for an opt-in Plaintiff's failure to comply with discovery requests, Defendant should do so via written motion.

4) *Status Report*. The discovery deadline in this case is February 22, 2019. *See* Dkt. No. 65. On or before December 14, 2018, the parties shall file a joint advisory with the Court to apprise the Court of the status of phase I discovery. To the extent affirmative relief is desired, however (such as an extension of any deadline set forth in the Scheduling Order), a written motion will be required.

5) *Requests for Additional Discovery*. After completion of the Phase I discovery discussed above, either party may move for additional representative discovery. Any such motion, however, must specifically explain why additional discovery is necessary and proportional to the needs of the case.

6) *Other Issues*. To the extent a discovery-related issue arises that is not addressed by this order or another order, the parties shall first meaningfully confer regarding the dispute. To the extent a resolution cannot be reached, the parties may submit the issue to the Court for resolution, which they should do by written motion.

**IT IS SO ORDERED**.

SIGNED this 24th day of August, 2018.

                                    RICHARD B. FARRER
                                    UNITED STATES MAGISTRATE JUDGE